The State v. Nickerson.

## THE STATE v. NICKERSON.

1. **Criminal law**: INDICTMENT: PERJURY. In an indictment for perjury,. it is necessary to aver that the court or person before whom the oath alleged to be false was taken had authority to administer the same.

*Appeal from Webster District Court.*

TUESDAY, SEPTEMBER 18.

INDICTMENT for perjury. The defendant, having been convicted, appeals.

*John F. Duncombe*, for appellant.

*J. F. McJunkin, Attorney General*, for appellee.

SEEVERS, J. The indictment charges that an action was pending in the District Court of Webster county, Iowa, wherein one Elias Cadwell was plaintiff and the defendant herein was defendant "for a money demand and to foreclose a verbal contract, being an action in equity, and the said court had jurisdiction of said action, which was by an order of said court referred to D. D. Miracle to hear, try and determine as referee, and said referee had jurisdiction of said cause to hear and try the same, and then and there said action came on for hearing and trial before said D. D. Miracle, referee as aforesaid, and the said W. P. Nickerson, witness as aforesaid, was then and there by said referee, D. D. Miracle, duly and legally sworn to speak the whole truth and nothing but the truth, as a witness in said cause." It is unnecessary to set forth any more of the indictment in order to fully present and determine the question which is decisive of this appeal.

The objection taken to the indictment is, that it is not averred the referee by whom the oath was administered had authority to administer the same. That no such averment is contained in the indictment is clear. Is this a fatal defect?

We are forced to the conclusion that it is. Such an averment is found in all forms of indictment to which our attention has been called.

In 2 Wharton's Precedents of Indictments, 577, note (d), it is said this averment should always appear by specific averment. See, also, 2 Wharton's Criminal Law, Secs. 2239 to 2242, and authorities cited in the notes.

It is provided by statute, "In an indictment for perjury, *  *  *  *  it is sufficient to set forth the substance of the controversy, or matter in respect to which the offense was committed, and in what court or before whom the oath alleged to be false was taken, and that the court or person before whom it was taken had authority to administer the same *  *  *  *  ." Code, Sec. 4312.

It certainly was necessary to prove on the trial that the person who administered the oath had authority to do so. If necessary to be proved, it should have been averred, unless such averment was dispensed with by statute. So far from this being true, such an averment is required. The indictment was, therefore, bad, and no legal conviction could be had thereunder.

Many other questions are presented in the record which we deem it unnecessary to determine. We venture, however, to suggest that in any future indictment it be averred clearly and distinctly that the defendant swore "*falsely*," as such word is used in the statutory definition of the crime. *The State v. Morse*, 1 G. Greene, 503.

AFFIRMED.