THE STATE v. PARSONS.

1. **Criminal Law:** EMBEZZLEMENT: INDICTMENT. In an indictment charging the defendant with the embezzlement of the funds of an independent school district, the designation of his office as that of "treasurer of the board of directors" of the district is sufficient.

2. ——: ——: ——. The crime of embezzlement by the custodian of public funds, under the statute, consists of the conversion of public money to his own use and a failure to account for the same, and an indictment for the offense must charge not only the conversion but also the failure to account. Following *The State v. Brandt*, 41 Iowa, 600.

*Appeal from Des Moines District Court.*

FRIDAY, SEPTEMBER 24.

ON the 17th day of October, 1877, an indictment was filed in the court below, of which the following is a copy:

" The grand jury of the county of Des Moines, in the name of, and by the authority of, the State of Iowa, do find and present, that A. W. Parsons, on the 1st day of September, 1877, at Des Moines county and State aforesaid; the said A. W. Parsons then and there being the treasurer of the board of directors of the independent school district of Burlington, Iowa, did, by virtue of his office and employment, and whilst the said A. W. Parsons was employed in said office, have, receive and take into his possession a large sum of money, to-wit: to the amount of $46,000, being national bank bills and treasury notes, lawful money of the United States, and

of the value of $46,000 of the goods and chattels and prop-
erty and money of said independent school district of Bur-
lington, Iowa; and that said money, national bank bills and
treasury notes then and there unlawfully, fraudulently and
feloniously, did embezzle and convert to his own use.

"And so the jurors aforesaid, on their oaths aforesaid, do
say that the said A. W. Parsons did, then and there in the
manner and form aforesaid, the aforesaid money, national
bank bills and treasury notes of the goods, chattels and
moneys of the said independent school district of Burlington,
Iowa, feloniously did steal, take and carry away—contrary to
the form of the statute in such case made and provided, and
against the peace and dignity of the State of Iowa.

"D. N. SPRAGUE, *District Attorney.*"

At the May term, 1879, of said court there was a trial to
a jury upon a plea of not guilty, which resulted in a verdict
convicting the defendant of the crime of embezzlement. A
motion in arrest of judgment was overruled, and judgment
was pronounced upon the verdict. Defendant appeals.

*Thomas Hedge, D. N. Sprague,* and *Hall & Huston,* for
appellant.

*J. F. McJunkin, Attorney General,* for the State.

ROTHROCK, J.—I. One of the grounds of the motion in
arrest of judgment is that the indictment does not charge
the defendant with being an officer recognized by
law: there being no such officer as " Treasurer of
the Board of Directors." Section 1802 of the
Code provides that " the board of directors of independent
school districts shall, at their first regular meeting in each
year, elect a president, a secretary, and a treasurer." Now it
is true the statute does not provide whether these officers
shall be called president, secretary, and treasurer of the board
of directors, or president, secretary, and treasurer of the dis

1. CRIMINAL
LAW : embez-
zlement : in-
dictment.

trict. But this is wholly immaterial. The law provides for a treasurer, whose duty it is to receive and disburse the money of the district, and to name him in an indictment as treasurer of the board of directors is as plain a designation of the capacity in which he is charged as could well be made.

II. It is next urged that the indictment is insufficient because it does not charge that the defendant failed to account for the money or funds which it is alleged he converted to his own use. It is a little remarkable that this indictment should have omitted to charge that the money was by the defendant unaccounted for, in view of the decision of this court in *State v. Brandt*, 41 Iowa, 600. It was there held that an indictment for the embezzlement of public money, under section 4243 of the Revision of 1860, should allege that the money charged to have been taken or loaned is also unaccounted for, and to constitute the offense it must have been both misapplied and lost to the State, and that the crime consisted only in converting, using or loaning of *so much* of the public money entrusted for safe-keeping to the person charged as is taken and unaccounted for.

We need not repeat the reasoning by which the court reached its conclusion in that case. The rule of that decision, construing as it did a criminal statute by defining what was necessary to charge in an indictment, should be adhered to unless the general assembly of the State has so changed or modified the statute as to require a different construction. In the absence of such modification or amendment, it would require the very strongest grounds to warrant the overruling of that case. No such vacillation, by which precisely the same acts in one case are held to be innocent, and in another criminal, should be allowed.

In the opinion first filed in the Brandt case it was thought necessary to hold that the indictment should charge that the money taken or loaned was unaccounted for, in order to har-

monize section 4243 of the Revision with sections 796, 797, 806, and 807. The modification made by the Code consists in merely incorporating section 806 with 4243 in a somewhat condensed form, as section 3908 of the Code. But section 797 of the Revision is retained as section 912 of the Code. We are unable to see that the incorporation - of the two sections, 806 and 4243, into one section makes any material difference in the question as to the necessity of an allegation that the money taken was not accounted for. Indeed, in the subsequent opinion in the Brandt case, in which all of the justices but one concurred, it is said that "the fair construction of this section (4243 Rev.) alone and disconnected from any other section of the statute, must lead to the results reached in the former opinion," and it is held that every act of loaning, using, or converting the public funds is an embezzlement of only "*so much*" thereof as is unaccounted for.

III. It is not claimed by the attorney general that the closing paragraph of the indictment cures the defect in the preceding paragraph, which sets forth the facts upon which it is sought to subject the defendant to the penalty of the statute. The closing paragraph is but the legal conclusion drawn from the facts previously stated, and is not equivalent to charging that the defendant failed to account, etc. See *State v. McCormick*, 27 Iowa, 402.

The motion in arrest of judgment should have been sustained.

REVERSED.