THE STATE v. THE CHICAGO, BURLINGTON & PACIFIC RAILWAY COMPANY.

1. **Indictment:** NOT AIDED BY INTENDMENT: OBSTRUCTION OF HIGHWAY BY RAILWAY COMPANY. An indictment cannot be aided by intendment, nor omissions therein supplied by construction; and where the acts charged may, under certain circumstances, be lawful, and these circumstances are not negatived, the indictment is insufficient, even though it be alleged that the acts charged were willfully and unlawfully done. So *held* in this case, where the indictment charged defendant with the obstruction of a highway, without alleging that the acts charged were not done in the construction of a railway, or, if so, that it did not put the highway in repair within the time required by statute. See Code, § 1262.

*Appeal from Jasper District Court.*

FRIDAY, APRIL 25.

THE defendant was indicted and convicted for obstructing a highway, and appeals to this court.

*R. A. Sankey*, for appellant.

*Smith McPherson*, Attorney-general, for the State.

BECK, J.—I. The indictment is in the following language: "The grand jury of the county of Jasper, in the name and by the authority of the State of Iowa, accuse the Chicago, Burlington & Pacific Railroad Company of the crime of obstructing a public highway, committed as follows:

"The said defendant, on the 1st day of March, in the year of our Lord one thousand eight hundred and eighty-two, in the county aforesaid, then and there being a company organized and doing business within the state of Iowa, under and by virtue of the laws thereof, did willfully and maliciously dig, plow up and scrape the public highway, and did throw up a high embankment of earth, and dig out and make a deep excavation across, along, in and upon the public highway at a point where the said railroad crosses the said highway on the

east side of section No. 21, in township No. 79 north, of range No. 18 west, in said county, thereby wholly obstructing and hindering the free use of said highway by the public, contrary to law."

A demurrer to the indictment, on the ground that it does not allege facts which constitute an offense under the laws of the state, was overruled. Upon a trial, a verdict of guilty was had, and judgment rendered thereon. The demurrer, in our opinion, ought to have been sustained. As the question arising upon the decision of the court below is decisive of the case, others discussed by counsel need not be considered.

II. Code, § 1262, provides that a railway corporation "may raise or lower any turnpike, plank road or other highway, for the purpose of having its railway cross over or under the same; and in such case said corporation shall put such highway, as soon as may be, in as good repair and condition as before such alteration at such place of crossing."

Under this section, it is lawful for a corporation to construct its railway across a highway. In doing so, it could lawfully construct an embankment and dig an excavation, the very acts alleged in the indictment as constituting the offense. There would be no violation of law, if the highway should be put in good repair as required by the section. It thus clearly appears that the very acts alleged in the indictment, as constituting the crime, may be lawfully done. These acts would not subject defendant to indictment, if the provision requiring the road to be put in good repair should be obeyed. In order to show a crime, the act charged must be made to appear unlawful. This could be done in this case by averring that the acts were not done in the construction of a railroad, or that the highway was not put in repair. But there are no averments to this effect in the indictment.

An indictment must state facts constituting an offense in language direct and certain as to the circumstances which are necessary to show a crime punishable by the law. It cannot be aided by intendment, nor omissions supplied by construc-

tion. ,Code, § § 4296, 4298; *The State v. Potter*, 28 Iowa, 554. We cannot presume that the obstruction was not erected in the construction of a railroad across the highway, nor that the highway was not put in proper repair within the time required by the statute. The very acts charged in the indictment may be, under certain circumstances, lawful, and these circumstances are not negatived by proper averments. The indictment, therefore, fails to allege facts constituting an offense.

The attorney-general insists that the averment in the indictment, that the acts charged were willfully and unlawfully done, is a sufficient allegation to negative the existence of all circumstances and facts which would make them lawful. But the designation of acts as unlawful is not sufficient; the facts constituting the offense must be shown. Besides, as we have seen, we cannot by intendment or construction supply presumptions of facts essential to constitute a crime. The judgment of the district court is

REVERSED.