STATE OF IOWA v. G. C. JAMISON and W. C. CRONE, Appellants.

**False Weighing:** JURY QUESTION: Evidence, in a prosecution for using false weights, showing iron weights secretly attached to the beam on defendant's scales, to falsify the weight against their customers, had been found prior to the offense alleged; that his co-defendant, an employe who used the scales, had confessed the use of false weights; and that when one of the defendants was told of the finding of a false weight by a customer he said nothing to the customer, and never spoke to any person about the matter, except his co-defendant,—was sufficient to support a finding that defendants knowingly used false weights, although the scale house was not always locked, and the scales were used by others at times.

INDICTMENT: *Elements of crime.* Under Code, section 5044, making the "use" of false weights an offense, an indictment charging that the defendants unlawfully and fraudulenlty "kept" false weights, and knowingly bought live stock weighed therewith, but containing no averment that they "used" the weights, charges no offense.

JOINDER OF COUNTS: *Election.* The act of knowingly using false weights not being a continuous offense, it is reversible error to overrule a motion to compel the state to elect on which count the defendants should be tried.

EVIDENCE. In a prosecution for knowingly using false weights, evidence that the scales in question were inaccurate on previous occasions was admissible to show guilty knowledge on defendant's part.

Separate Trials in Misdemeanor: DISCRETION: In a prosecution against several defendants for using false weights the granting of separate trials to them is within the discretion of the court, since the offense is only a misdemeanor.

*Appeal from Franklin District Court.*—HON. J. R. WHITAKER, Judge.

THURSDAY, JANUARY 25, 1900.

INDICTMENT for using false weights. There was a trial to jury, and verdict of guilty. From a judgment rendered thereon, defendants appeal.—*Reversed.*

*Taylor & Evans* for appellants.

*Milton Remley,* Attorney General, and Charles A. Van Vleck, Assistant Attorney General, for the State.

WATERMAN, J.—The defendant Jamison is a member of a firm located in the town of Dows, and which is engaged in the purchase and sale of live stock. He was also serving as cashier of a bank at that place, and employed the defendant Crone to buy and weigh the stock purchased. The firm owned stock scales upon which their weighing was done. The scales were in a small building, without windows, and consequently quite dark within. On one occasion, when stock about to be purchased by Jamison's firm from one Iverson was weighed on these scales, it was discovered that an iron weight, called in the evidence a "bur," was secretly attached to the beam with a string, so as to falsify the weight as against the seller. This fact may be said to be undisputed. But it is urged the evidence does not warrant a conviction, because the scale house was not always kept locked, and the scales were used by others at times; that it is probable the bur may have been

placed without defendant's knowledge; and, in any event, it is thought Jamison's knowledge of its use is not shown. In response we have to say that there is evidence of these scales having shown short weight on other occasions, and of similar burs being found in the scale pan before, and there is no conceivable motive for Crone, who was but an employe, using the false weight without his co-defendant's knowledge and assent. There is also testimony to show that Crone confessed the use of false weights to a co-employe. The credibility of all this evidence is questioned. But, aside from this, some confirmation of the criminal intent and knowledge of defendants is to be found in their own testimony as to the Iverson transaction. Iverson discovered the false weight, and at once made it known, and took his stock from the scales. Crone, who alone was present, doing the weighing, went immediately to the bank to see his co-defendant. When he saw him he simply said, according to his own testimony, that Iverson was dissatisfied with the weights, but said nothing of the finding of the bur attached to the scale beam. Jamison testifies that he was told of the finding of the bur and went out to see about it. He saw Crone and Iverson together, but did not go to the latter to speak of the matter. He never talked to any person about the false weight save to Crone and Smith, his co-partner, who is jointly indicted with him. This conduct is inconsistent with the claim of innocence. Only persons with guilty knowledge would probably have so acted. We do not regard it as necessary to go further into the details of the testimony to show the reasons for our conclusion that the verdict has sufficient support in the facts.

II. Evidence was introduced by the state tending to show that the weight was short on these scales at other times than in the instance with Iverson. This is complained of, but, as we think, without reason. The state was not confined to proof of any single transaction. The testimony disclosed that the scales did not show as

great weight in certain cases as other correct scales did. Certainly, evidence that the scales were inaccurate at other times was admissible, as tending somewhat to show guilty knowledge at a time when a false weight was indisputably used. *State v. Reno,* 67 Iowa, 587; *Stale v. Stice,* 88 Iowa, 27. The question is not whether a bur was used only, but rather whether defendants were knowingly giving out false weights. The fact that the scales had long been inaccurate would have a tendency to show this. It was one element of the state's case to establish this inaccuracy. *State v. Mecum,* 95 Iowa, 433; *Stale v. Brady,* 100 Iowa, 191. The case of *State v. Saunders,* 68 Iowa, 370, does not go the length claimed for it by defendants.

III. A motion to compel the state to elect on which transaction it would rely was overruled, and the correctness of the ruling is questioned. The majority of the court think the offense here charged is not a continuing one; that each act is a distinct offense, unless it is but one of a series of acts, forming a part of a single transaction. Nor does the manner in which the offense is charged have the effect to change this principle. Not being a continuing offense, the defendants had a right to require an election on the part of the state, and the overruling of their motion was erroneous. See *State v. Hurd,* 101 Iowa, 391-400.

IV. Defendants complain of the action of the court in overruling their request for separate trials. Four defendants were jointly indicted. The court held that the state might be required to try two at a time, but refused a separate trial to each individual. The offense charged is a misdemeanor, and the matter of granting separate trials was within the discretion of the court. Code, section 5375; *Stale v. Kirkpatrick,* 74 Iowa, 505.

V. Next, the validity of the indictment is challenged on the ground that it does not charge an offense. The statute under which this prosecution is instituted punishes the

use of false weights, etc.  Code, section 5044.  The indictment, omitting formal parts, is as follows:  "The said A. A. Smith, G. H. Jamison, G. C. Jamison, and W. C. Crone, on or about the tenth day of January, in the year of our Lord 1898, in the county of Franklin and state of Iowa, and from thence to the finding of this indictment, were engaged in the business of buying and selling hogs and cattle, and did unlawfully, deceitfully, fraudulently, and with intent to defraud, keep in their scale house, in said county and state, false weights for weighing cattle and hogs by them purchased, which caused the said hogs and cattle to appear of less weight, to-wit, of the lesser weight by from ten pounds to two hundred pounds in every one thousand pounds of cattle and hogs weighed, than the real and true weight thereof, the exact lesser weight, as aforesaid, being unknown to the grand jury, and during said time, did then and there knowingly, unlawfully, and with intent to defraud divers citizens of this state, which divers citizens are to the grand jury unknown, purchase of divers citizens of this state divers cattle and hogs weighed with such false weights, contrary to, and in violation of, the law."  It will be seen that defendants are charged with unlawfully and fraudulently keeping such false weights, and with knowingly buying cattle weighed therewith.  But there is no averment that they, or either of them, used the weights.  This is left to inference, and it is the vital element of the offense sought to be charged.  Defendants might have done both of the acts specified in the indictment, and yet not have been guilty of a violation of the statute.  The Code, section 5280, requires in the indictment "a statement of the facts constituting the offense."  We have held that, if the facts stated do not constitute a crime, the indictment cannot be aided by intendment or its omission supplied by construction.  *State v. Potter,* 28 Iowa, 554; *State v. Clark,* 80 Iowa, 517.  In the latter case, it was held that the intent of defendant, which was a material

ingredient of the offense, could not be supplied by inference in the charge made, though it could be, of course, so established by the proof. The case we have here goes beyond that even. The chief substantive fact going to make up the crime is omitted. The most liberal construction of criminal pleading which we feel justified in adopting will not sustain this indictment. See, in addition to the cases cited above, *State v. Lightfoot,* 107 Iowa, 344; *State v. Daniels,* 90 Iowa, 491; *State v. Chicago, B. & P. Ry. Co.,* 63 Iowa, 508. Some other errors are argued, which we need not notice, as they are not likely to again arise. For the defect in the indictment, the judgment is REVERSED.

GRANGER, C. J., not sitting.