STATE v. McKINNEY. [130 Iowa

STATE OF IOWA, Appellant, v. H. H. McKINNEY, Appellee.

**Embezzlement by public officer:** FAILURE TO ACCOUNT: INDICTMENT.
1 The amendment of Code Section 4840, by chapter 67 acts 26th.
General Assembly, relating to embezzlement by a public officer
in failing to account, provides a ground additional to those
enumerated in the original statute, on which the charge may be
based without alleging any of the specific acts formerly pro-
hibited by the statute.

**Same:** DEMAND. An indictment charging a public officer with em-
2. bezzlement by failing to account for money received by him as
such officer must allege that demand was made on him for an
accounting by the person (naming him) entitled to receive the
same.

*Appeal from Harrison District Court.*— HON. W. R.
GREEN Judge.

SATURDAY, APRIL 7, 1906.

THE opinion states the case.— *Affirmed.*

*C. W. Mullan,* Attorney General; *L. De Graff,* Assistant
Attorney General. and *L. W. Fallon,* County Attorney, for
the State.

*Roadifer & Arthur* and *Bolter Bros.,* for appellee.

WEAVER, J.— On September 8, 1903, the grand jury
of Harrison county, Iowa, returned an indictment against
the appellee, the body of which instrument was in words as
follows:

The grand jury of the county of Harrison, in the name
and by the authority of the state of Iowa, accuse Horace H.
McKinney of the crime of embezzlement committed as fol-
lows: The said Horace H. McKinney, on or about the sixth
day of January in the year of our Lord one thousand nine

hundred and two, in the county aforesaid, who was then and there an officer of said county, a corporation duly organized and existing under the laws of the state of Iowa, to wit, the treasurer of said Harrison county, duly elected and qualified and legally authorized and empowered to perform all the duties of said office, and that the said Horace H. McKinney, as such officer and treasurer of said county, was then and there entrusted with, and did then and there have in his possession and under his care by virtue of his said office, certain public moneys, to wit, the sum of forty thousand three hundred sixty-six dollars and ninety-seven cents, of the property and effects of said county, and of the value of forty thousand three hundred sixty-six dollars and ninety-seven cents, and that said Horace H. McKinney, did then and there unlawfully, fraudulently, and feloniously embezzle without the assent of the said county, or any person thereto authorized, of the said public moneys aforesaid, to wit, the sum of two thousand seven hundred sixty-six dollars and five cents, and of the value of two thousand seven hundred sixty-six dollars and five cents, for which he, the said Horace H. McKinney, as such officer and treasurer aforesaid, has failed and neglected to account, although demand has been made of the said Horace H. McKinney by the county aforesaid; the custody and care of which he, the said Horace H. McKinney, was then and there as aforesaid entrusted, and which he, the said Horace H. McKinney, did then and there have and hold by virtue of his said office of treasurer of said Harrison county, Iowa, contrary to and in violation of law.

To this indictment defendant demurred on grounds stated as follows:

(1)   That the indictment fails to charge that the defendant as a public officer failed or refused to keep the money received by him as such officer in any place of custody or deposit that was provided by law for keeping such money until the same was withdrawn therefrom as authorized by law.   (2)   That the indictment fails to charge that the defendant did keep or deposit such public funds in any place other than the place authorized for the keeping and deposit of such funds.   (3)   That the indictment fails to charge that the defendant as a public officer converted to his own use any of the public funds or property which came into his

hands by virtue of his office. (4) That the indictment fails to charge that the defendant did use by way of investment in any kind of property or loans without authority of law, any of the public funds coming into his hands as such officer. (5) That said indictment fails to charge that lawful and sufficient demand was made upon defendant to account for funds or property coming into his custody as a public officer. (6) That the indictment fails to charge that demands were made upon the defendant to account for public funds and property coming into his hands by any person entitled to receive the same or at a time at which any person had a right to make demand.

The demurrer was sustained by the trial court, and the state appeals.

1. Code, section 4840, undertakes to define the crime of embezzlement by public officers. It provides that any state, county, township, school, or other public officer charged 1. EMBEZZLEMENT with the collection, safe keeping, transfer or BY PUBLIC OFFICER: failure to account: indictment. disbursement of public money who (a) fails or refuses to keep the same in the place of custody or deposit provided by law for such purpose until the same is withdrawn therefrom as authorized by law; or (b) keep or deposit such money in any other place than such authorized place of custody or deposit; or (c) unlawfully converts such money to his own use in any way whatever; or (d) uses it by way of investment in any kind of property; or (e) loans without the authority of law any portion of the public moneys intrusted to his hands; or (f) converts to his own use any money coming into his hands by virtue of his office, he shall be deemed guilty of embezzlement.

In substantially this form the statute had stood for many years prior to the session of the Twenty-Sixth General Assembly (Laws 1896, page 69, chapter 67), and most of our decisions touching the law pertaining to this offense were rendered thereunder. The General Assembly above named amended the section by adding thereto the following words: "Any such officer who shall receive any money be-

longing to the state, county, township, school, or municipality or state institution of which he is an officer, shall be deemed to have received the same by virtue of his office and in case he fails or neglects to account therefor upon demand of the person entitled thereto, he shall be deemed guilty of embezzlement." The effect of this amendment is one of the principal questions presented by the appeal now before us. It will be observed from the form of the indictment that it was framed on the theory that the added clause does not simply provide an additional regulation applicable to charges of embezzlement under the statute as it stood before the amendment was enacted, but that it creates a new or additional ground on which an indictment may be sustained without alleging any of the specific acts formerly prohibited. On the other hand, appellee contends that no new ground for the charge of embezzlement has been created by the amendment and that in order to properly charge the crime against a county treasurer the indictment must still allege, and the state must prove, the commission of some one of the specific acts denounced by the statute prior to the amendment. If this latter theory be correct and the added clause is to be treated as having no other effect than to introduce a new element into the specific offenses already defined by the statute, it would seem to follow that no matter how grossly the treasurer may betray his trust by loaning, using, converting, and squandering the public funds he may avoid all criminal liability if from his private fortune or by the liberality of his friends he is able to make good his defalcation when called upon to account.

We are aware that his theory is not without apparent support in some of our earlier cases, but conceding for the purposes of the case before us the entire correctness of those precedents under the statute as it then stood may we not properly infer that the later amendment was intended to avoid the possibility of such anomalous results. It would seem to go without saying that it ought not to be possible

for the wrongful use of public funds by an officer to be purged of its criminal character by the lucky turn of a card or of the grain market on the eve of the day of settlement. It is not unusually the case that when a defalcation occurs in public office and especially at the close of a term of service, the method and manner by which the shortage has been occasioned is found to be involved in more or less mystery. It may also happen that the sum unaccounted for is the aggregate of numerous transactions going far back into the past, and if the state were required to charge the specific acts by which the money has been unlawfully withdrawn from the treasury, the lack of evidence of such specific acts and the intervention of the statute of limitations before the offense has come to public notice would often work a defeat of justice. *State v. Hutchinson,* 60 Iowa, 478. The amendment, if construed as creating a new and independent ground for the charge of embezzlement, is well calculated to avoid this evident weakness in the statute as it formerly stood. The county ought to be justified in assuming that the treasurer has done his duty and that the money which ought to be in the treasury is in fact there until demand therefor by the proper person or authority has been duly made and dishonored. Nor is the treasurer wronged if his refusal or failure to pay over the account or the money upon proper demand be made in itself a criminal offense even though the specific act by which such money was abstracted, or withdrawn from the treasurer be also made a crime.

II. But the demurrer raises another and more serious question. Conceding for the purposes of the case that the amendment to the statute does create a new or additional ground for the charge of embezzlement it is

2. SAME: demand.

objected that the indictment fails to allege that any proper demand for an accounting was made upon appellee. Mere failure to account is not made a crime. The offense consists in failure to account for or pay over the public money upon demand therefor " by the person

entitled thereto." The allegation of the indictment is that the appellee " has failed and neglected to account although demand has been made of the said Horace H. McKinney by the county aforesaid." After much consideration we reluctantly conclude that this allegation is insufficient. By the express terms of the statute a demand for the funds must be made by some person, and that person must be the one who is entitled to receive it. Ordinarily that person is the treasurer's successor in office. The statute expressly provides that when the treasurer goes out of office, he shall " deliver up all the books, papers, moneys, and all other property pertaining to the office to his successor." Code, section 1461. He is also required at intervals while in office to make settlement with the board of supervisors (Code, section 1458), and while on such settlements he is not required to account in the sense of paying over the moneys in his official custody it is probably within the contemplation of the law that he may be required to produce such moneys or satisfactory proof that they are in fact on hand. Without doubt the board may also at other times, whenever it be deemed advisable, inspect the books and records of the office. Code, section 482. We think, therefore, when he is indicted upon charge of having unlawfully and feloniously neglected or refused to honor a proper demand, it is not enough to allege generally that the demand upon him was made by the " county " but the indictment must specifically allege the name of the person or officer making the demand and that he was the person entitled to receive the funds so demanded. Although the technical nicety of the common law with reference to the language of indictments is not required by our statute it is still the policy of the law that accusations of crime shall be so plain, clear, and unambiguous that the accused may not be misled to his prejudice concerning the material facts relied upon by the state as constituting his alleged offense.

It is true that a county may for some purposes be considered a " person " in law, but it is a corporate person

which can speak and act only through its appropriate officers and agents, and the allegation that an act was done or notice given or demand made by " the county " without explanation conveys no information whatever to the hearer or reader as to the particular individual through or by whom the act, notice, or demand is alleged to have been effected. The balance in the hands of the outgoing county treasurer having been ascertained upon the final settlement with the board of supervisors, his successor in office becomes the person entitled to receive that balance and the only person who can make a demand therefor, the refusal of which will charge his predecessor with criminal liability for failure to account. A demand for the delivery of such funds made by the county through its board of supervisors, or by the county auditor, or by any other agent or officer than the duly elected and qualified treasurer would not satisfy the provisions of the statute nor would it sustain an indictment based upon this particular provision of the statute. Whether this would be the case, or whether any demand at all is necessary where a defaulting treasurer is specifically charged with unlawfully loaning, or depositing, or investing, or using, the public funds intrusted to him we need not now consider.

The indictment before us relies solely upon the constructive conversion which is effected or consummated by the refusal of a proper demand and it is very essential therefore that the demand shall be pleaded not as a mere naked conclusion which conveys no information as to the facts on which it is based, but the charge must disclose a demand by the person entitled to receive the thing demanded. It is suggested by counsel for the state that the charge made in the indictment has no necessary reference to a failure of the accused to pay over or deliver the public moneys and property to his successor, but that such allegation may refer to a failure to account and settle with the board of supervisors on retiring from office as provided by the statute above cited; or it may refer to a case of a re-elected treasurer who fails

to produce and account for the moneys in his hands as provided by Code, section 1193; or it may refer to a failure to make the semiannual settlement with the board required by Code, section 1458, and that under any of these circumstances where a demand by a successor in office is impossible a demand by the county by its board of supervisors or other authorized representative is all the law requires. Conceding the point here made, it illustrates in the clearest possible manner the vice of the indictment under consideration. The very fact that it is so loosely and indefinitely worded that the defendant when brought to trial may find himself required to defend against a charge of having failed to turn over the balance in his hands to his successor in office, or against a charge of having failed to make due final settlement with the board of supervisors, or against a charge of having failed to make proper semiannual settlement with the board, and that the demand relied upon in support of such charge may be one made by his successor in office, or one made by the board of supervisors, or by some other officer or agent of the county, is all that need be said to demonstrate its utter failure to comply with the letter or spirit of the criminal law as regulated by our statute, and administered by our courts. The statute requires that an indictment must be direct and certain (Code, section 5282); it must charge but one offense (Code, section 5284); and the offense must be charged with such certainty and in such manner as to enable a person of common understanding to know what is intended. Code, section 5289.

An indictment which is so broad and general in its terms that the accused may be put upon trial for any one of two or more distinct and independent criminal acts, and which is so indefinite in the charge preferred that the essential facts constituting the alleged offense may remain unknown to the accused until they are disclosed on the trial, is not in compliance with the statute to which we have referred. See *State v. Brandt,* 41 Iowa, 593; *State v. Potter,*

28 Iowa, 554; *State v. Nickerson,* 46 Iowa, 447; *State v. R. R. Co.,* 63 Iowa, 508; *State v. Tierney,* 74 Iowa, 237; *State v. Clark,* 80 Iowa, 517; *State v. Jamison,* 110 Iowa, 337.

It may also here be said that every fact expressly charged by the indictment may be admitted and the defendant be guilty of no crime. The county is not entitled at all times and under all circumstances to demand an accounting or production and surrender of the public funds by its treasurer. A demand for such accounting, production, and surrender may or may not be rightful according to the time and circumstances under which it is made. It follows of necessity, therefore, that to charge a criminal failure or neglect in this respect on part of the treasurer the particular facts which serve to characterize the failure or neglect as criminal must be alleged.

Such being our conclusion, it follows that the ruling of the trial court must be upheld as correct.— *Affirmed.*