STATE OF IOWA, Appellee, v. J. S. FREAR (alias F. S. FREAR), Appellant.

**INDICTMENT AND INFORMATION:** Sufficiency of Accusation—Insufficient Charging in Words of Statute. It is not sufficient to charge an offense in the language of the statute when to do so will not reveal the *facts constituting the offense.* So held in charging an "escape" by a paroled prisoner.

**ESCAPE:** Indictment—Essentials. An indictment for an escape, under Sec. 13353, Code of 1924, must distinctly allege (1) the due commitment of the accused to the penitentiary or reformatory; (2) the fact that the accused was duly paroled by the board of parole; (3) the particular terms of the parole as regards the territory within which the accused was to remain while on parole; and (4) the departure from such territory without the written consent of said board: but the agreement between the said board and the accused need not be set forth in full.

Headnote 1: 21 C. J. p. 839; 31 C. J. pp. 709, 710, 711. Headnote 2: 21 C. J. pp. 839, 840 (Anno.); 31 C. J. pp. 661, 720.

*Appeal from Jones District Court.*—F. L. ANDERSON, Judge.

APRIL 7, 1925.

DEFENDANT demurred to the indictment herein, which demurrer was overruled. He stood on the demurrer, and after sentence, appealed from the ruling thereon.—*Reversed.*

*Clifford B. Paul,* for appellant.

*B. E. Rhinehart,* County Attorney, for appellee.

ALBERT, J.—The material part of the indictment against which this demurrer was lodged is as follows:

1. INDICTMENT AND INFORMATION: sufficiency of accusation: insufficient charging in words of statute.

"The said F. S. Frear, on or about the 28th day of April, in the year of our Lord one thousand nine hundred and nineteen, in the county and state aforesaid, did willfully and unlawfully escape from custody, he, the said F. S. Frear, having been paroled from the men's reformatory, Anamosa, Iowa, where he, the said F. S. Frear, was committed, did thereafter depart, without written consent of the board of parole, from the territory within which, by the terms of the said parole, he was restricted, he, the said F. S. Frear, then and there willfully and lawfully escaped from custody, contrary to and in violation of Section 4897-a, 1913."

The indictment was amended by adding that the defendant was outside of the state of Iowa continuously from April 26, 1919, to August 27, 1923.

We assume that the use of the word "lawfully," in the latter part of said indictment, is a misprint, and appeared in the original indictment as "unlawfully." It seems wholly immaterial at least; because the last few words of the indictment are insufficient, even though the word "unlawfully" were used in place of "lawfully."

To the indictment as amended, defendant filed a demurrer. While this demurrer contains numerous grounds, the contention therein made may be summed up as follows: (1) The manner and circumstances of the crime charged should be specifically set out, (a) so that the accused may be advised, in order to

properly present his defense; (b) so that a judgment thereon could be pleaded in bar of a future indictment for the same offense. (2) Under the language used in the indictment, the State might sustain every allegation, and yet the accused be innocent of being a parole violator. (3) The indictment should set out the written agreement made between the parole board and the prisoner at the time he was paroled.

The rule in this state has been announced too often to require citation of cases to the effect that generally where indictment follows the wording of the statute, literally or substantially, the indictment is held sufficient. This rule, however, like all rules, is subject to exception. One of the exceptions under the Iowa practice is that, where the statute is in general terms, and does not specify the facts constituting the offense, then such indictment, which simply follows the wording of the statute, is not good. Among the cases holding to this exception are *State v. Stroud,* 99 Iowa 16; *State v. Butcher,* 79 Iowa 110, and cases therein cited; *State v. Bauguess,* 106 Iowa 107; *State v. Parsons,* 54 Iowa 405; *State v. McKinney,* 130 Iowa 370; *State v. Brandt,* 41 Iowa 593; *State v. Wasson,* 126 Iowa 320; *State v. Clark,* 141 Iowa 297; *State v. Jamison,* 110 Iowa 337. In *State v. Wasson,* supra, this court said:

"While it is generally sufficient to charge an offense in the language of the statute, such is not the rule when the statute does not necessarily charge the offense named."

The defendant is entitled to have the charges against him sufficiently specific that he may know the facts upon which the State relies, and also to the end that, in event of his conviction or acquittal, the judgment there entered could be used by him as a bar to subsequent prosecution.

The second subdivision of Section 5280 of the Code of 1897, with reference to indictments, provides that it shall contain "a statement of the facts constituting the offense in ordinary and concise language, without repetition,

2. ESCAPE: indictment: essentials. and in such manner as to enable a person of common understanding to know what is intended."

Section 5282 of the Code of 1897 provides:

"The indictment must be direct and certain as regards:

* * * 3. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

Section 5289 of the Code of 1897 provides:

"The indictment is sufficient if it can be understood therefrom: * * * 5. That the act or omission charged as the offense is stated in ordinary and concise language, with such certainty and in such manner as to enable a person of common understanding to know what is intended, and the court to pronounce judgment according to law upon a conviction."

In *State v. Brandt*, 41 Iowa 593, we said, at page 608:

"But when a statute describes an offense by terms constituting rather a legal conclusion than a statement of the facts constituting it, the indictment must specifically describe the offense by a statement of the facts [citing numerous cases]. * * * These cases sustain the principle that the *facts* constituting a public offense must be charged in the indictment, and that, when a statute which creates an offense describes it in general terms, constituting a legal conclusion, the indictment must specifically describe the offense, so as to bring it within the legal conclusion; and this, too, is the effect of the .provisions of our Code before cited."

The statute under which defendant is indicted is Section 4897-a, Code Supplement, 1913, the material part of which is as follows:

"If any person having been paroled from the state penitentiary or state reformatory as provided by law, shall thereafter depart without the 'written consent of the board of parole from the territory within which, by the terms of said parole, he is restricted, * * * he shall be deemed to have escaped from the custody within the meaning of Section 1 of this act, and shall be punished as therein provided."

The part quoted, however, is the last paragraph of the act. There seems to be no Section 1 or 2 in the act, but the first part of the act provides that:

"If any person committed to the penitentiary or reformatory * * * escape from or leave without due authority any building, * * * or any place whatsoever in which he is placed or to which he is directed to go * * * by the warden or any officer or employee of the prison * * * he shall be deemed guilty of an

escape * * * and shall be punished by imprisonment in said penitentiary or reformatory for a term not to exceed five years.''

It is to be noted that the first element required herein is that the person shall be one who is committed to the penitentiary or reformatory; second, that the person charged must be one who has been duly *paroled therefrom, as provided by law;* third, that the terms of his parole must provide for the restricted territory beyond which he cannot go without the written consent of the board of parole, and, if he does so go beyond the restricted territory under the above provision, he is deemed guilty of escape, and is punishable accordingly.

After reading this indictment as amended, we are driven to the conclusion that it is not sufficient. There is no allegation in the indictment that he was paroled by the board of parole of Iowa. The statute only provides that the defendant is guilty when he has been paroled ''as provided by law.'' There is no such allegation in the indictment. Neither is it specified what the terms of his parole were, as to the territory within which he was to remain; and we deem these both necessary elements of this crime. The defendant was entitled to have them specifically pointed out in the indictment; and, failing in this respect, the indictment is insufficient. The State has, by way of explanation of its argument, stated that the defendant herein was originally paroled with a restricted territory of Waterloo. He was subsequently removed to Des Moines, with a restricted territory consisting of the city limits of Des Moines; and while at Des Moines, he left, in 1919, and was finally found in California, brought back to Iowa, and this indictment lodged against him.

We deem this matter, especially the description of the territory within which he was restricted, of material importance, for the reason that he is entitled to know, to the end that he may prepare whatever defense he may have to the charge lodged against him; and also that, when judgment is entered, if it be one of acquittal, or even of conviction, it must be specific enough for utility as a bar to subsequent prosecution. In other words, if one were paroled at different times to several places in Iowa, with the usual parole restriction, an indictment of the character under consideration would give him no information as to

which of the several places in which he had been under parole was the identical place where it was claimed he violated the restriction.

It is urged by the defendant that the written agreement between the board of parole and the defendant should be set out in the indictment. We do not deem this one of those cases where it was required. While it would not be error to set it out, at the same time we feel that, if the circumstances of it were set out in the indictment, it would be sufficient.

It is apparent, therefore, that the demurrer to the indictment should have been sustained.—*Reversed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.