STATE OF IOWA, Appellee, v. FRED BERG, Appellant.

**EMBEZZLEMENT:** Public Officers—''Failure to Account'' as Element.
1   An indictment, under Sec. 13027, Code of 1924, for embezzlement
    by a public officer, must allege that the converted funds were ''un-
    accounted for'' by the accused.

**EMBEZZLEMENT:** Elements—''Failure to Account''—Evidence. The
2   failure of a municipal court bailiff to pay over to the city treasurer
    on or before the 10th day of each of a series of months all public
    fees collected during the preceding month of such series (Sec. 10671,
    Code of 1924), does not constitute such ''failure to account,'' under
    Sec. 13027, Code of 1924, as will support a conviction for the em-
    bezzlement of the *aggregate* amount not so paid over; because each
    conversion and failure to pay over and account, constitutes an of-
    fense in and of itself.

**EMBEZZLEMENT:** ''Offer to Account''—Effect. The statutory ele-
3   ment in embezzlement by a public officer of *''failure to account''*
    (Sec. 13027, Code of 1924), is wholly negatived by a *good-faith* offer
    by the officer properly to pay over any funds which may be shown
    to be due from him, such offer being made prior to the prosecution
    in question.

**INDICTMENT AND INFORMATION:** Duplicity—Embezzlement by
4   **Municipal Court Bailiff.** The acts of a municipal court bailiff (1)
    in failing to pay over to the city treasurer on or before the 10th
    day of each month all public fees collected by him during the pre-
    ceding month (Sec. 10671, Code of 1924), and (2) in converting such
    fees to his own use, and (3) in failing to account for such fees,
    **constitute a** *complete* **offense.**

**EMBEZZLEMENT:** Conversion—Evidence. Failure of a public officer
5   (1) to enter on the official books of his office fees collected by him,
    and (2) to pay over to the proper receiving officer fees collected,
    is competent evidence bearing on the issue of conversion.

**CRIMINAL LAW:** Reception of Evidence—Election Between Acts. In
6   a prosecution of a municipal court bailiff for embezzlement in failing
    to account monthly for fees collected (Sec. 10671, Code of 1924),
    wherein appears evidence tending to show such failure for each of
    a series of months, the accused may compel the State to elect on
    which monthly transaction it will rely.

**EMBEZZLEMENT:** Embezzlement by Series of Acts—Applicability of
7   **Statute.** The provisions of the statute (Sec. 13032, Code of 1924)

that, if money is embezzled by a series of acts during the same employment, the total amount so embezzled shall be considered as embezzled *in one act*, have no application to embezzlement *by a public officer*.

Headnote 1: 20 C. J. p. 474.   Headnote 2: 20 C. J. p. 432.   Headnote 3: 20 C. J. p. 432 (Anno.)   Headnote 4: 20 C. J. p. 432.   Headnote 5: 20 C. J. pp. 482, 484.   Headnote 6: 16 C. J. p. 862 (Anno.)   Headnote 7: 20 C. J. p. 432 (Anno.)

*Appeal from Polk District Court.*—W. G. BONNER, Judge.

JUNE 25, 1925.

OPINION ON REHEARING OCTOBER 2, 1925.

THE defendant was convicted of the crime of embezzlement by a public officer, and appeals.—*Reversed.*

*Lappen & Carlson* and *Faa O. Ross,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, and *Vernon R. Seeburger,* County Attorney, for appellee.

VERMILION, J.—The appellant was put on trial upon an indictment that charged, in substance, that he was, during the three years preceding the finding of the indictment, bailiff of the municipal court of the city of Des Moines, and, as such officer, charged with the collection, safe-keeping, transfer, and disbursement of public moneys; and that, by reason and by virtue of his office, by a series of acts during such time, he received, obtained, secured, collected, and had in his possession, care, custody, and control, as such officer, the sum of $500.86 of the money of such city; and that he willfully, unlawfully, and feloniously embezzled and converted to his own use and benefit the money of such city in the sum of $500.86. He was convicted of the embezzlement of $400.

The evidence on behalf of the State tended to establish the following facts: Fees were collected by the appellant, as bailiff of the municipal court, directly from litigants and their attor-

neys. In some cases, fees for services of the bailiff were paid
to the clerk of the municipal court, and by him paid or turned
over to the appellant. The appellant kept a cashbook and fee
book. Fees so collected or received by him, during the time cov-
ered by the indictment, to the amount of $434.05 were not en-
tered on these books. The appellant made monthly payments
of fees collected or received by him, to the city treasurer. These
monthly payments were made in accordance with his cashbook
and fee book; and during the time covered by the indictment
and the testimony, fees collected or received by appellant to
the amount of $434.05 were not paid to the city treasurer. This
aggregate amount was made up of various small items of fees
collected at various times in a large number of cases in the
municipal court.

The indictment does not allege that any demand was made
by the city treasurer for these fees, either singly or in the aggre-
gate, or monthly, or that the city suffered a loss in any amount.
The proof does not show any demand on the part of the city
treasurer, or any failure of the appellant to account for these
amounts, except the failure to pay to the city treasurer, on or
before the 10th of the month, certain fees collected during the
preceding month. It appears that appellant tendered to the city
treasurer a check, and offered to show that it was an offer of pay-
ment on his part of any amount that had not been paid over to
the treasurer. No objection was made to the amount or form
of the tender, but it was refused. The date of this tender does
not appear in the abstract, but we understand it to have been
before the indictment was returned. It was stipulated on the
trial that "the total amount of claimed warrant and subpoena
mileage taxed to Fred Berg and disclosed by said docket [the
criminal court docket of the municipal court] is in excess of
$600."

We do not find it necessary to consider all of the questions
presented by appellant. The ultimate question in the case is
whether the indictment and this record will support the con-
viction for embezzlement.

I. Section 1 of Chapter 226 of the Acts of the Thirty-sev-
enth General Assembly, as amended by Chapter 42 of the Acts of

the Thirty-eighth General Assembly (Compiled Code, Section 6868), provided, in part, as follows:

"All fees, fines, forfeitures, costs and expense paid to the clerk and bailiff [of municipal courts] shall be paid to the city treasurer on or before the 10th day of each succeeding month; provided that the amounts allowed the bailiff by law for mileage and for necessary and actual expenses paid by him may be retained by him in addition to his salary."

See Section 10671, Code of 1924.

Section 4840 of the Code of 1897, under which the indictment was found, is in part as follows:

"If any state, county, township, school or municipal officer, or officer of any state institution, or other public officer within the state charged with the collection, safe-keeping, transfer or

1. EMBEZZLEMENT:
public officers:
"failure to account" as element.

disbursement of public money or property, fails or refuses to keep the same in any place of custody or deposit that may be provided by law for keeping such money or property until the same is withdrawn therefrom as authorized by law, or keeps or deposits such money or property in any other place than in such place of custody or deposit, or unlawfully converts to his own use in any way whatever, or uses by way of investment in any kind of property, or loans without the authority of law, any portion of the public money intrusted to him for collection, safe-keeping, transfer or disbursement, or converts to his own use any money or property that may come into his hands by virtue of his office, he shall be guilty of embezzlement to the amount of so much of said money or the value of so much of said property as is thus taken, converted, invested, used, loaned or unaccounted for, and shall be imprisoned in the penitentiary not exceeding ten years, and fined in a sum equal to the amount of money embezzled or the value of such property converted, and shall be forever after disqualified from holding any office under the laws of the state."

Under a statute (Section 4243, Revision of 1860), in effect the same, so far as any question here involved is concerned, it was held in *State v. Brandt*, 41 Iowa 593, after much discussion and consideration, and reiterated on rehearing, that the word "or," in the phrase "every such act is an embezzlement of so

much of said money as is thus taken, converted, invested, used, loaned, or unaccounted for,'' must be construed as "and," and that any act of loaning or converting the public funds was an embezzlement of only so much thereof as was unaccounted for; that there must be a loss to the state or municipality, to constitute the crime of embezzlement by a public officer. In *State v. Parsons,* 54 Iowa 405, construing Section 3908 of the Code of 1873, which was substantially the same as the above quoted portion of Section 4840 of the Code of 1897, the *Brandt* case was followed.

In *State v. King,* 81 Iowa 587, the defendant, a county treasurer, on demand produced the money which should have been in his custody, but insisted that it be immediately returned to him. No settlement was made with him, and on his removal from office he paid over to his successor only a small amount, and was defaulter to the amount of over $20,000, which was lost to the county; and a conviction was affirmed.

The indictment in *State v. McKinney,* 130 Iowa 370, charged a county treasurer with embezzlement, and alleged a demand by the county and a failure to account. The statute had been amended by the Acts of the Twenty-sixth General Assembly, Chapter 67, by the addition of the following:

"And any such officer who shall receive any money belonging to the state, county, township, school or municipality or state institution of which he is an officer, shall be deemed to have received the same by virtue of his office, and in case he fails or neglects to account therefor upon demand of the person entitled thereto, he shall be deemed guilty of embezzlement, and shall be punished as above provided."

This provision is a part of Section 4840 of the Code of 1897. It was held in the *McKinney* case, which was an appeal by the State from an order sustaining a demurrer to the indictment, that the addition to the statute created a new or additional ground on which an indictment might be sustained,—a new ground for the charge of embezzlement.

*State v. Hoffman,* 134 Iowa 587, was an indictment against a constable for embezzling money belonging to private individuals, which had come into his hands by virtue of his office. It was held that what was said in the last sentence of Section

4840, following *State v. McKinney,* supra, created a distinct form of the crime of embezzlement, and that the provision therein as to failure to 'account had no reference to the offense of embezzlement described in the preceding portion of the section. It was said that *State v. Brandt,* supra, and *State v. Parsons,* supra, holding that it was necessary, in an indictment of a public officer for embezzling public money, to charge that it was unaccounted for, were not in point. It was recognized that proof of a demand and failure to account might be material, to show conversion; but it was said that the criminal act consisted in conversion alone, however shown. The conclusion was that:

"As to the conversion of money or property coming into the hands of the officer by virtue of his office, which is not public money, the crime as described consists in the conversion, and with reference to such money nothing is said which indicates the necessity of alleging a demand or a failure to account."

There is nothing in any of these cases—and they are all to which our attention has been called or that our own research has brought to light upon the subject—that overrules the doctrine so firmly announced in the *Brandt* and *Parsons* cases.

The gist of the offense is, of course, the wrongful conversion (*State v. King,* supra) ; but, under the statute, as construed in the *Brandt* case, it is only the wrongful conversion of so much of the money as is unaccounted for and lost to the public that constitutes embezzlement. As pointed out in the *Brandt* case, the loaning or using for private purposes of funds in the hands of certain public officers is made a misdemeanor. Section 1457, Code Supplement, 1913 (Sections 7402, 7403, Code of 1924). But it is only on the failure to account for the funds, to the loss of the public, that the act becomes the felony of embezzlement. The statute cannot be differently construed for different officers; and an act which in one officer is a misdemeanor, but not embezzlement, cannot be held to be embezzlement on the part of another merely because in his case the act is not made a misdemeanor. It is not the wrongful conversion alone that constitutes the crime of embezzlement of public funds by a public officer, but wrongful conversion and the failure to account therefor.

Some apparent criticism of this rule found in the *McKinney*

case goes only to point out that the legislature had, by the amendment of the twenty-sixth general assembly, seen fit to meet the situation, not by changing the statute as construed in the earlier cases, but by adding, as a new and independent ground for a charge of embezzlement, the failure to account, on demand of the person entitled to the money. The first paragraph of the statute providing, as construed in the *Brandt* case, that a public officer who converts to his own use any money that may come into his hands by virtue of his office shall be guilty of embezzlement of so much of the money as shall be so converted and unaccounted for, has been acquiesced in by the legislature and undisturbed by the courts for practically half a century. We find no occasion now to recede from a construction of the statute that has been for so long a time accepted as the law.

The State asserts in argument that the indictment, as is apparent, was found under the first division of Section 4840. To be sufficient, it must, then, have alleged that the money charged to have been embezzled was unaccounted for; and to warrant a conviction, the proof must have established that fact. The indictment contained no such allegation.

II. The question, however, goes further than merely to the indictment. Unless it is to be said that the failure of appellant to pay over to the treasurer on or before the 10th of

2. Embezzlement: elements: "failure to account:" evidence.

each month all fees collected during the preceding month, was such a failure to account as would support a conviction for the embezzlement of the aggregate amount not so paid over, there was a total absence of proof that there was any failure to account. On the contrary, the record discloses an unavailing attempt on

3. Embezzlement: "offer to account:" effect.

the part of appellant to show that he offered to pay the amount which an examination of the books and files showed he had received and not paid over to the treasurer; and this, we understand, was before the commencement of criminal proceedings. The question here is not as to the restitution of money embezzled, after the crime had been committed, but of an offer to do an act the omission of which was an essential element of the crime itself, and which, so far at least as concerned the aggregate amount not paid to

the treasurer, had not been demanded of him. The crime of embezzlement of public funds by a public officer was not committed unless there was a failure to account. If the offer to pay had been accepted, there would have been no failure to account, and no embezzlement. The offer was not to restore or repay money that had been embezzled,—unless, as we have said, by the failure to make the payments at the time required by the statute,—but to pay money for which appellant was accountable: to do the very thing the failure to do which was essential as an element of the crime of embezzlement. If the appellant in good faith offered to pay the amount for which he was accountable, before the crime of embezzlement was committed by the failure to account, and payment was not accepted, it was not unaccounted for, and there was no embezzlement by a public officer of public funds. That is to say, there was no evidence tending to show a failure on the part of appellant to account, unless the failure to pay to the treasurer each month all fees collected in the preceding month constituted such a failure to account as would sustain a conviction for the embezzlement of the total amount unpaid. But upon that contention, we see no escape from the conclusion that the conversion of, and the

**4. INDICTMENT AND INFORMATION: duplicity: embezzlement by municipal court bailiff.** failure to account for, the fees collected in each month constituted a separate offense. The case was not tried on that theory in the court below, but upon the theory that it was unnecessary to allege or prove a failure to account; that proof of actual wrongful conversion, by showing the failure to pay over during each of several months small amounts collected, tended to show embezzlement of the aggregate amount so unpaid. Of course, the State was not required to establish the embezzlement of the full amount charged; and proof that any smaller amount was collected, wrongfully converted, and unaccounted for, would have sustained a conviction for embezzlement of the amount so unaccounted for. The appellant on the trial asked that the State be required to elect upon which month it would rely for a conviction. This the county attorney refused to do, and the court declined to require such an election. In this situation we think the State is in no position to insist in this court that the failure of appellant to account each month for all fees collected in the

preceding month constituted such a failure to account as was required to warrant a conviction of embezzlement of the aggregate amount not paid to the city treasurer.

We are of the opinion that, where the evidence tended to show a wrongful conversion of the fees on or after their collection,—of which the failure to enter them upon the books and to pay them to the city treasurer, as by statute required, was competent evidence,—evidence tending to show a failure on demand to pay over the aggregate amount unpaid was required, to warrant the submission of the cause to the jury, upon the charge of the embezzlement of the total amount unpaid. In such case, no election would have been required. But where the only proof of a failure to account is to be found in the failure to pay over each month fees collected during the preceding month, such failure to account would relate only to the fees collected during such preceding month which were not paid over; and such conversion of and failure to account for the fees of each month would constitute a separate offense; and an election by the State would properly have been required. The failure to account each month was only a failure to do the thing then required, which was to pay over the fees collected during the preceding month. The indictment alleged that money collected by a series of acts was embezzled. The case was tried and submitted to the jury upon the theory that there was but one embezzlement. An essential element of the crime was a failure to account for money wrongfully converted. This element was not established, in relation to the whole amount unpaid as the subject of a single act of embezzlement, so as to support a conviction for the embezzlement of the aggregate amount not paid to the clerk during a series of months, by proof of a failure to account each month for fees collected in the preceding month, which failure related only to the fees of such preceding month; for such failure to account tended to establish only the embezzlement of the amount to which it related,—the fees of the preceding month; and the crime of embezzlement of the sum so unaccounted for was then complete; and this would be true of each month.

The provision of the statute that, if money is embezzled by a

*5. EMBEZZLEMENT: conversion: evidence.*

*6. CRIMINAL LAW: reception of evidence: election between acts.*

series of acts during the same employment, the total amount of money so embezzled shall be considered as embezzled in one act, is found in the Code of 1897 in the section defining embezzlement by an officer, agent, clerk, or servant of a corporation, association, copartnership, or private person, and would seem, as so found, to have had no application to embezzlement by a public officer. Section 4842, Code of 1897. In the Code of 1924, it appears as a separate section, 13032, in the chapter on embezzlement.

**7. EMBEZZLEMENT:** embezzlement by series of acts: applicability of statute.

The judgment is—*Reversed.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.