## MORRISON v. MYERS & TURNER et al.

1. IMPEACHMENT. A letter written by a witness, relating to the subject matter of his evidence, is not admissible for the purpose of impeaching his credibility, when the proper foundation has not been laid by calling his attention to the alleged conflict between the contents of the letter and his evidence in such manner as to give him an opportunity to explain the same.

2. EVIDENCE. When the question raised by the pleadings is, whether new notes and securities were executed and received in lieu of the note in suit, the contents of the new notes and securities are not in issue in such sense as to require their production in evidence.

3. INSTRUCTION. It is not error to refuse instructions which can be properly given only with modifications.

*Appeal from Johnson District Court.*

THURSDAY, APRIL 18.

ACTION on a promissory note executed by Myers & Turner, Lafayette Cheney and F. M. Wadley. Among other matters in defense, the defendants alleged that the note in suit had been paid by the execution of notes by John H. Myers, a member of the firm of Myers & Turner, at the request of the plaintiff, in payment of the note in suit. Issue joined by plaintiff's replication.

On the trial, a letter purporting to have been written by

one Connell, a witness called by defendant, was shown to him on cross-examination. The bill of exceptions shows that he admitted that it was in his hand writing, but does not show that he read it, or that his attention was called to the alleged conflict between it and his evidence. The plaintiff offered the letter in evidence for the purpose of impeaching his credibility, but upon defendant's objection it was excluded by the court.

Verdict and judgment for the defendants, and the plaintiffs appeal.

*Clarke & Davis* for the appellant.

I. The court erred in excluding the letter of Connell, which was offered for the purpose of impeaching his testimony. 2 Phil. Ev. (Bank's Ed.) 962, 263; 1 Stark. Ev. 148; *Robinson* v. *Heard,* 3 Shep. 296; *Clapp* v. *Wilson,* 5 Denio .285; *Charlton* v. *Uris,* 4 Gratt. 58.

II. The court erred in refusing to give the instructions asked by plaintiff.

*Allen* and *Edmonds & Ransom* for the appellees, as to the refusal of the court to receive the letter of Connell in evidence, cited 1 Greenl. Ev. sec. 462; 1 Cowen & Hill's notes to Phill. Ev. 509; as to the refusal of the court to give the instruction asked by plaintiff, *Raver* v. *Webster, et al,* 3 Iowa 502; *Moffat v. Cresslar,* 8 Iowa 122.

LOWE, C. J.—The rejection of Connell's letter to Downey, another witness, under the circumstances, was not error. It could only be read as evidence for the purpose of impeaching Connell's oral testimony. The proper foundation was not laid for this. It is true the letter was shown to him, and he admitted the hand writing and signature was his. But it does not appear that he read the same or that his attention was called to that part which it is claimed was in conflict with his testimony on the stand, so as to give him an oppor-

tunity to explain.   Besides, a careful comparison of the contents of the letter with the testimony of the witness, satisfies us that it rather supports than impeaches the witness, so that if its rejection was error at all, it was error without prejudice.

II. The court refused to give two instructions asked by plaintiff, which is set down as error.   The first is as follows : "That the defendants having alleged in their third plea of payment, that the said payment was made by the execution of other notes and securities, and they having failed to offer such other notes and securities in evidence, or to give secondary evidence of the contents of the same, there is no evidence before the jury under the plea, and upon this they must find for the plaintiff." The defendants in their plea alleged that these new notes and securities were not in their possession, and that they could not produce them.   The particular contents of these new securities were not in issue in such a sense as to call for their production.   The gist of the inquiry was, as to the *fact* whether the new notes and securities had been taken in lieu of the old, whereby the latter were cancelled.   Evidence tending to establish this fact would itself be primary evidence, and hence the refusal of the above instruction was not erroneous.

It is enough, perhaps, for us to say that the second instruction refused could not have been given, under the evidence adduced, without some modification.   We have before held that when such modification becomes necessary, it would not be error to refuse the instruction.   *Grimes* v. *Martin*, 10 Iowa 347.

In addition to these supposed errors, the motion for a new trial was founded upon the ground that the verdict was against the weight of evidence.   This is not so clearly apparent as to authorize us in reversing the judgment.

Affirmed.