# THE STATE OF IOWA:

## DES MOINES, DECEMBER TERM, A. D. 1876.

IN THE THIRTY-FIRST YEAR OF THE STATE.

---

PRESENT:

HON. WILLIAM H. SEEVERS, CHIEF JUSTICE.
" JAMES G. DAY,
" JAMES H. ROTHROCK, ⎱
" JOSEPH M. BECK, ⎰ JUDGES.
" AUSTIN ADAMS.

---

## THE STATE v. HAYDEN.

1. **Criminal Law**: PRACTICE: CONTINUANCE. The defendant is not entitled to a continuance for the reason that a witness examined before the grand jury, and subpœnaed by the State, is not in attendance at the trial.

2. ———: EVIDENCE: IMPEACHMENT. The minutes of evidence given before the grand jury, or of that submitted upon preliminary examination, are not admissible upon the trial for the purpose of impeaching a witness.

3. ———: INDICTMENT: TWO OFFENSES. An indictment charging the defendant with feloniously and burglariously breaking and entering a

store with intent to commit larceny, and with stealing and carrying away certain articles therein contained, was *held* not liable to the objection that it charged two distinct offenses.

4. ———: ———: ———. At common law indictments for burglary and larceny in this form have been held not to be bad for duplicity.

5. ———: ACCOMPLICE. The fact that one has received stolen property, knowing the same to have been feloniously obtained, does not constitute him an accomplice in the burglary by which possession of the goods was acquired.

6. ———: REASONABLE DOUBT. Where the evidence is circumstantial, the jury need not be satisfied beyond a reasonable doubt of every link in the chain of circumstances necessary to establish defendant's guilt; it is a reasonable doubt of guilt arising from a consideration of all the evidence in the case which entitles the defendant to an acquittal.

7. ———: EXTENT OF PUNISHMENT. The crime of which defendant was convicted was the breaking and entering of a store, and stealing therefrom articles of the value of $70; the defendant was a young man, and the circumstances of his offense and his subsequent conduct did not indicate him to be a hardened criminal: *Held*, that his term of punishment should be reduced from eight to three years.

*Appeal from Clayton District Court.*

THURSDAY, DECEMBER 7.

THE charging part of the indictment against defendant is in these words: "The said James Hayden, on or about the 10th day of March, 1875, at or about the hour of one o'clock in the night of the same day, with force and arms in the county aforesaid, one store building of Beckman Bros. there situated, wherein valuable merchandise was kept for sale and store, viz: pocket knives, razors and revolvers, of the value of $100, feloniously and burglariously did break and enter into, with felonious intent, the goods and chattels of the said Beckman Bros., in the said store then and there being found, then and there feloniously and burglariously to steal, take, and carry away, *and seven dozen of pocket knives, three razors and two revolvers of the goods and chattels of the said Beckman Bros., and of the value of seventy dollars, in the said store building, and then and there feloniously, and burglariously did steal, take and carry away, contrary to the form of the statute in such case made* and provided."

There was trial by jury, a verdict of guilty and judgment thereon, and defendant appealed.

*James O. Crosby*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

ROTHROCK, J.—I. After the jury was impaneled. the defendant moved for a continuance upon an affidavit setting forth that one Nathan Ross was a material witness for him, that said Ross was used as a witness for the State in the preliminary examination and before the grand jury, his name being upon the indictment; that a subpoena was issued on the part of the State for said Ross, and delivered to the sheriff for service, that defendant supposed said Ross was in attendance at court until after the jury was impaneled, when he first learned that said witness had not been found. The motion was overruled and defendant excepted.

1. CRIMINAL law: practice: continuance.

We think there was no error in this ruling of the court. If the defendant desired the attendance of the witness, due diligence would require that he should have had him subpœnaed in his behalf, or at least to have discovered that he was not in attendance at the court until after the jury was impaneled. The law gave him every facility necessary to secure the attendance of his witnesses, and he should not have relied on the efforts of those representing the State to aid him in that behalf.

II. On cross examination of certain witnesses for the State, their attention was called to the minutes of their testimony taken on the preliminary examination, and before the grand jury, with a view to an impeachment. At the proper time, counsel for defendant offered in evidence the minutes of the testimony of such witnesses taken before the grand jury for the purpose of impeaching them, by showing contradictory statements. Objection was made to the introduction of the minutes as incompetent and inadmissible, which was sustained. In the case of *The State v. Ostrander*, 18 Iowa, 435, it is held that the minutes taken before the grand jury are not admissible as *independent*

2. ———: evidence: impeachment.

evidence. The question as to whether such minutes could be used as impeaching evidence was not presented in that case. In the case of *The State v. Hull*, 26 Id., 292, and in *The State v. Collins*, 32 Id., 36, the question as to the admissibility of the testimony in the preliminary examination as impeaching evidence was expressly left undetermined. There is no doubt that letters previously written by a witness, depositions or affidavits made by him, or the like, may be introduced as impeaching evidence, after calling the attention of the witness to the supposed contradiction, that he may have an opportunity to explain if he so desires. *Morrison v. Myers & Turner*, 11 Iowa, 538; *Samuels v. Griffith*, 13 Id., 103; *Stephens v. The People*, 19 N. Y., 549.

But the minutes of a witness' testimony before a grand jury, and the substance of his testimony taken before an examining magistrate, are in no proper sense the writing or the act of the witness. It is the duty of the clerk of the grand jury to take and preserve the minutes of the proceedings, and of the evidence given before it. Code, Sec. 4275. The witness is in no way connected with the act of taking these minutes of his testimony, they are not required to be read over to him, nor to be signed by him. Unlike a deposition or affidavit, they do not purport to give statements of fact in full, but are what the law requires, mere "minutes." They are often taken down by persons wholly inexperienced in reducing the language of others to writing. A long experience upon the District Bench has enabled the writer hereof to observe that the evidence taken before grand juries is often of the most indefinite and uncertain character, and if used as the means of impeaching witnesses, would lead to the grossest injustice to witnesses, and tend to defeat a proper administration of justice.

What we have said in regard to the evidence taken before the grand jury applies with equal force to the evidence taken in a preliminary examination. Section 4241 of the Code requires the magistrate to write or cause to be written out the substance of the testimony only. It is not required to be read

over to the witness, and is but the act of the magistrate or his clerk.

Excluding the written minutes or substance of the evidence from being introduced does not prevent an impeachment. The grand jury may be required by the court to disclose the testimony of a witness examined before them, for the purpose of ascertaining whether it is consistent with that given before the court. Code, Sec. 4285. An examining magistrate, or his clerk, or any person who heard the testimony, may be called for the same purpose. It appears that in this case the evidence taken before the grand jury was signed by the witness who was sought to be impeached. It does not, however, appear that the evidence was read over to him, or that he was otherwise made acquainted with its contents at the time of signature.

III. There was a motion in arrest of judgment, on the ground that the indictment charges the defendant with the 3. ——: in- commission of two offenses. An examination of dictment:two offenses. the indictment will show that it contains all the necessary allegations to constitute the crime of breaking and entering a store building with intent to commit a public offense. Code, Sec. 3894. After alleging the intent to steal certain property, it is alleged that the defendant did steal, take and carry away certain goods, describing them.

The crime is designated in the indictment as burglary, and not as burglary and larceny. Whilst it is true that at common law, and under our Code, the felonious breaking of a store house is not technically burglary, yet the elements of the crime charged are the same as burglary, with the exception of the character of the building, and it must be assumed that the crime named in the indictment had reference to that of breaking and entering the store.

It is true that under the Code the indictment must charge but one offense, but it may be charged in different forms or counts to meet the testimony. Sec. 4300. Taking this whole indictment together, we do not believe it charges two offenses. The allegation that the defendant actually committed the crime of stealing the goods must rather be regarded as

surplusage. It was a most important fact to show, as bearing upon the guilty intent with which the breaking and entering was done, and we regard it as no more than an allegation of evidence which may properly be rejected. It will be remembered that it was not claimed in the court below that the defendant was charged with larceny. The instructions of the court, the verdict of the jury, and the judgment, show that the crime for which the defendant was charged and tried was not larceny, but the breaking and entering the store with intent to commit larceny.

It never was permissible at common law to join two offenses in one count of an indictment, whatever the rule was as to 4. ——: ——: ——. allowing different offenses to be pleaded in separate counts, and yet it has been held that indictments for burglary substantially in the form of that under consideration were not bad for duplicity.

*Com. v. Tuck*, 20 Pick., 356; *State v. Brady*, 14 Vermont, 359; *Josslyn v. Com.*, 6 Metcalf, 236. In the last named case it is held that if the breaking and stealing are charged in one count, only one offense is charged, and the defendant on conviction can be sentenced to one penalty only.

IV. The principal witness upon the part of the State was one Mowry. He testified that the defendant confessed the 5. ——: ac-complice. crime to him, and that after such confession he received from the defendant some of the stolen property and concealed it. It was urged that he was an accomplice, and that under section 4559 of the Code the defendant could not be convicted without corroborating evidence. An instruction to the jury to this effect was asked, which was refused, and instructions were given that if Mowry took any part directly or indirectly in the commission of the burglary, he was what the law calls an accomplice; and that it was for the jury to determine from his admissions and all the evidence whether he was an accomplice; that the mere fact that Mowry received the stolen property knowing the same to have been stolen did not make him an accomplice. The jury was further properly instructed as to the necessity of

corroboration, in case it should be found that Mowry was an accomplice.

We think there was no error in refusing the instruction asked, and in giving those above referred to. The thought of the instruction given is, that the guilty receiving·of the goods did not make Mowry an accomplice. It may be conceded that the receiver of stolen goods is an accomplice in the simple larceny, being an accessory after the fact, and yet it by no means follows that he is an accomplice in breaking and entering a building with the guilty intent of committing a larceny.

V. The following instruction was asked in defendant's behalf, and refused:

" * * * * * As the evidence in the case is wholly circumstantial, you must be satisfied beyond a reasonable doubt of each necessary link in the chain of circumstances to establish the defendant's guilt."

6.——: reasonable doubt.

The jury were instructed by the court as follows: "The defendant is presumed to be innocent of the crime charged until proved guilty beyond a reasonable doubt; and as the evidence in this case is circumstantial, it is your duty to give all the circumstances a careful and conscientious consideration; and if upon such consideration the minds of the jury are not firmly and abidingly satisfied of the defendant's guilt, if the conscientious judgment of the jurors wavers and oscillates, then the doubt of the defendant's guilt is reasonable, and you should acquit."

The instruction asked by defendant was properly refused, and that given by the court is correct. It is not a reasonable doubt of any one proposition of fact in the case which entitles to an acquittal. It is a reasonable doubt of guilt arising upon a consideration of all the evidence in the case.

VI. It is next urged that the evidence was insufficient to justify the verdict. In our opinion the verdict is fully sustained by the evidence. If the jury accepted the testimony of Mowry as true, the defendant is unquestionably guilty. It is proper also to say here that Mowry was in fact corroborated by other evidence as to the defendant's possession of the stolen property. The jury judged of the credibility of the witnesses,

as was their province, whether wisely or not we are unable to determine.

VII. It is next and finally urged that the punishment inflicted upon the defendant is excessive. The sentence is imprisonment in the penitentiary for eight years.

7. ——: ex-tent of pun-ishment. The defendant is a young man. The crime committed consisted in breaking a pane of glass and lowering a window, going into the store, and taking therefrom pocket knives, razors and revolvers, of the aggregate value of $70. There is nothing in the manner of the crime itself, or in the character of the property stolen, or in the conduct of the defendant afterward, indicating that he is a hardened criminal. It is not like the case of a professional burglar or safe robber. Under all the circumstances, we incline to think the punishment too severe, and the judgment will be modified by reducing the term of imprisonment to three years.

With this modification, the judgment of the court below will be

AFFIRMED.