## The State v. Foster.

CRIMINAL LAW: SENTENCE HELD NOT EXCESSIVE.

*Appeal from Linn District Court.*

SATURDAY, DECEMBER 18, 1880.

INDICTMENT charging that the defendant in the night time did break and enter a dwelling house with intent to commit larceny. Trial by jury; verdict guilty, and sentencing the defendant to the penitentiary for seven years. Defendant appeals.

*Wing & Finke,* for appellants.

*J. F. McJunkin, Attorney General,* for appellee.

SEEVERS, J.—It is urged by counsel for appellant that the punishment inflicted is excessive. The abstract fails to state all the evidence is contained therein. At the conclusion of what is claimed to be the evidence is the following statement:

"No bill of exceptions or motion for a new trial was filed in this case, but Hudson Burr was duly appointed and qualified short-hand reporter of the court, and reported the evidence in full, and filed the short-hand minutes with the court, and duly transcribed the same into long-hand; which transcript was duly filed in the case and duly certified by him to be a full, true. and complete transcript of said notes."

It is insisted under § 3777 of the Code the reporters notes when filed become a part of the record, and therefore, no bill of exceptions was required; the argument being that the record proves itself. There are some doubts whether § 3777 will bear the construction placed upon it by counsel, but conceeding it does, then all we know is that the reporter certified to the correctness of the evidence contained in the transcript made by him. We have no means of knowing that the evidence contained in such transcript is set out in the abstract.

Unless all the evidence is before us we cannot say the judgment is excessive. But waiving this thought, we have examined the evidence with care and we are unable to say the judgment is excessive. This case may be readily distinguished from *The State v. Hayden,* 45 Iowa, 11 (18).

The verdict, we think, is fully sustained by the evidence.

AFFIRMED.