STATE OF IOWA, v. GEORGE C. HOFFMAN, Appellant.

134   587
140   644

**Embezzlement:** PUBLIC OFFICERS: INDICTMENT. Code, section 4840,
1  defines two forms of embezzlement by public officers, the first
of public money or property, and the second of money or
property coming into the hands of such officer by virtue of
his office; and an indictment charging the latter need not
allege a failure of defendant to account for the money coming
into his hands.

**Change of venue:** DISCRETION. The court's discretion in refusing
2  to grant a change of venue on the ground of excitement and
prejudice, growing out of a former trial on the same indict-
ment, will not be interferred with on appeal, when the same is
both controverted as well as supported by the usual affidavits
on the subject.

**Evidence:** IMPEACHMENT BY USE OF GRAND JURY MINUTES. The
3  State may use the minutes of the testimony of a defendant
taken before the grand jury, and read over to and signed by
him, for the purpose of impeaching his testimony as a witness
upon the trial, when the proper foundation has been laid.

**Same.** Proof of general good reputation for truth and veracity is
4  not admissible in support of the testimony of a witness im-
peached by proof of conflicting statements.

**Embezzlement by official:** PROOF ESSENTIAL. In a prosecution of a
5  public officer for embezzlement of funds coming into his hands
by virtue of his office, the State need not affirmatively show
failure to account therefore on demand, where it has clearly
established a conversion of the funds.

*Appeal from Lee District Court.*— HON. HENRY BANK, JR.,
Judge.

TUESDAY, JUNE 4, 1907.

DEFENDANT was indicted for embezzling and convert-
ing to his own use certain money belonging to Lazo Banjanin
and Emile Rapaich, which had come into his hands by vir-
tue of his office as constable. From a judgment sentencing

him to imprisonment in the penitentiary on a verdict of guilty, the defendant appeals.— *Affirmed.*   •

*E. C. Weber* and *J. R. Frailey,* for appellant.

*H. W. Byers,* Attorney General, and *C. W. Lyon,* Assistant Attorney General, for the State.

McCLAIN, J.— By motion in arrest of judgment the defendant questioned the sufficiency of the indictment on the ground that it did not allege that defendant had failed to account for the money which he is charged with converting to his own use. The allegation of the indictment is that defendant, being a constable, did " willfuly, unlawfully, feloniously, and fraudulently embezzle and convert to his own use money, to wit,  . . .  belonging to Lazo Banjanin and Emile Rapiach, which said money came into the hands of said Hoffman by virtue of his said office." Under this indictment, as conceded by defendant, the purpose was to charge the crime of embezzlement by a public officer as described in Code, section 4840. That section defines at least two forms of embezzlement by a public officer; the first being of public money or property, the second of any money or property coming into the hands of such officer by virtue of his office. What is said in the last sentence of the section with reference to failure to account upon demand relates to public money. That sentence, which was added to the section as it previously stood by chapter 67, of the Acts of the 26th General Assembly, creates a distinct form of the crime of embezzling public money, and the provision therein as to failure to account has no reference to the offense of embezzlement described in the preceding portion of the section. *State v. McKinney,* 130 Iowa, 370. As to the conversion of money or property coming into the hands of the officer by virtue of his office, which is not public money, the crime as

1. EMBEZZLE-
   MENT: public
   officers: in-
   dictment.

described consists in the conversion, and with reference to such money nothing is said which indicates the necessity of alleging a demand or a failure to account. These facts might be material to be shown in order to establish conversion, but the criminal act consists in the conversion alone, and, if such conversion is shown otherwise than by evidence of failure to account on demand, the crime is sufficiently established. It is not necessary, therefore, to set out in the indictment the particular evidence by which the conversion will be established. The conversion itself is the ultimate fact, and the allegation of that fact in the indictment is sufficient.

The contention for appellant is that, where a statute creates an offense described in general terms constituting a legal conclusion, the indictment thereunder must specifically describe the offense, and bring it within the legal conclusion. But, if an act of a particular description is made criminal, nothing further need be alleged in the indictment than the doing of the specific act. Under such circumstances, it is sufficient to follow the language of the statute in describing the act charged. *State v. Johnson,* 114 Iowa, 430; *State v. Dankwardt,* 107 Iowa, 704; *State v. Porter,* 105 Iowa, 677. The conversion itself is the act, and nothing further need be alleged by way of description. This is the ruling in *State v. King,* 81 Iowa, 587, with reference to a conversion of public moneys. The court in that case says: " The gist of the offense is the wrongful conversion of the public money, and it is wholly immaterial and mere surplusage to state whether the defendant used it in paying his debts, in purchasing property, had it on deposit in bank, carried it on his person, or loaned it to others; and the fact that three different modes of concealing the money are set forth in the indictment is wholly immaterial."

Cases relied upon by counsel for appellant holding that it is necessary in an indictment of an officer for embezzling public money to charge that it is unaccounted for are not in

point. *State v. Brandt,* 41 Iowa, 593; *State v. Parsons,* 54 Iowa, 405. As already pointed out, this requirement of the statute that the money shall have been unaccounted for in order to constitute an embezzlement of public funds does not apply to an embezzlement by a public officer of money, not a part of the public funds, intrusted to him by virtue of his office and converted to his own use. The precedents for indictments given in the books do not, so far ·as we can discover, contain any further allegation than that of embezzlement and conversion. Bishop, Directions & Forms, sections 407–409; 1 McClain, Criminal Law, section 556a. If that allegation is an allegation of fact and not a mere conclusion of law, then it is sufficient, and we are not justified in holding in view of all the precedents that it is a mere conclusion of law. The objection to the indictment was not well taken.

II. The court overruled defendant's motion for change of venue, the grounds for which were supported and controverted by various affidavits as to excitement and prejudice in the county resulting from the fact of a previous trial under the same indictment. The affidavits are in the usual form, expressing the convictions of the affiants one way or the other on the question whether in their opinion there was such excitement in the county resulting from the publication of proceedings on the former trial that a fair and impartial trial could not be obtained. Under such circumstances we have uniformly held that the discretion of the trial court in refusing to grant a change of venue would not be interfered with on appeal. See *State v. Icenbice,* 126 Iowa, 16, and other cases cited in that opinion, and in the notes to Code, section 5348.

2. CHANGE OF VENUE: discretion.

III. Defendant was examined as a witness in his own behalf, and on cross-examination, for the purpose of impeachment, his attention was called to spe-, cific portions of the minutes of his evidence given before the grand jury investigating the charge against him. It is contended by counsel that

3. EVIDENCE: impeachment by use of grand jury minutes.

the action of the court in allowing portions of these min-
utes to be used by the State for impeaching purposes over
defendant's objection was error.   By Code, section 5258,
it is provided that the clerk of the grand jury shall
preserve minutes of the proceedings and of the evidence given
before it, and that, when evidence is taken, it shall be read
over to and signed by the witness.   In this section, as it
stood prior to the adoption of the present Code, there was
no provision for having the evidence of the witnesses before
the grand jury read over to and signed by them, and it was
held that the minutes kept by the clerk of the grand jury
under such provisions could not be used for purposes of
impeaching the testimony of such witnesses as given on the
trial.   *State v. Hayden,* 45 Iowa, 11.   In *State v. Rein-
heimer,* 109 Iowa, 624, decided after the present Code took
effect, the previous case of *State v. Hayden* is followed; but
the question there involved was as to the use of the evidence
of the witness taken down by the shorthand reporter on the
preliminary examination of defendant, and it does not ap-
pear that the witness had signed the evidence thus taken
down before the committing magistrate.   The provisions of
Code, section 5227, relating to the preservation of the min-
utes of testimony taken before a committing magistrate, do
not involve the reading to or signing by the witnesses of the
minutes of their testimony.   Therefore the minutes of the
testimony of a witness on preliminary examination are sub-
ject to the same objection when offered by way of impeach-
ment as minutes of evidence taken before the grand jury
under the statutory provisions as they existed prior to the
adoption of the Code of 1897.   Under Code, section 5258,
as it now stands, we have held that the minutes of testimony
before a grand jury read over to and signed by the witness
may be used on the trial for impeachment purposes.   *State
v. Phillips,* 118 Iowa, 660.   In *State v. Woodward,* 132
Iowa, 675, it was held improper to use the minutes of a wit-
ness' testimony before the grand jury as a basis of asking

impeaching questions on cross-examination, the witness not being allowed on demand to examine the minutes on which the impeaching questions were founded, and, while it is assumed that such minutes could not be used, no reference is made to the case of *State v. Phillips, supra,* and the change in the statute is not referred to. We think there was no purpose in the decision of the case of *State v. Woodward* to overrule the express decision in *State v. Phillips,* in which it is said: "When a witness is shown to have voluntarily signed a written statement, the contents of which is fully disclosed to him, we see no reason in the statute or in the ordinary principles of the law of evidence why it is not always competent for the purposes of his impeachment when the proper foundation has been laid." There was no error, therefore, in allowing the State to use the minutes of the testimony of the defendant given before the grand jury for the purpose of impeaching his testimony as a witness on the trial.

IV. On the cross-examination of the defendant as a witness his attention was called, as already indicated, to conflicting statements which he had made in his testimony before

4. SAME.

the grand jury, for the purpose of affecting his credibility. In surrebuttal a witness was called for the defendant and asked as to defendant's general reputation for truth and veracity in the community, and on the objection of the State the witness was not allowed to answer. Assuming that the witness would have testified that defendant's reputation as to truth and veracity was good, we are asked to hold that, where a witness is impeached by showing inconsistent statements, his testimony may be re-enforced by proof of general good character as to truth and veracity. On this question the authorities are in direct conflict. See 2 Wigmore, Evidence, section 1108, where the view is expressed that general good reputation for truth and veracity is too remote to be admissible in support of the testimony of a witness impeached by proof of conflicting

statements.    The authorities in this State support that view.
*State v. Archer,* 73 Iowa, 320; *State v. Owens,* 109 Iowa, 1.
We see no occasion for changing the rule which has been
adopted by this court on the subject.    Evidence of good
character is usually admissible only where character has been
assailed; for, in the absence of some attack, the character of
the witness is presumed to be good.    Contradictory state-
ments are shown, not for the purpose of proving his general
character as to truth and veracity to be bad, but to show
that his testimony as to the particular matter with reference
to which he is contradicted by proof of conflicting state-
ments is not entitled to credit.

V.    With reference to the giving and refusal of in-
structions a few suggestions only are necessary in support of
the correctness of the court's action.    The instructions asked

5. EMBEZZLE-
MENT BY
OFFICIAL:
proof essential.

and refused, so far as they contained correct
propositions of law applicable to the evidence,
were sufficiently covered by the instructions
given.    The instructions given are assailed because they
fail to embody the requirement that defendant must be af-
firmatively shown to have failed to account for the money
on demand.    The objection here insisted upon by counsel is
substantially the same as that made to the indictment for
failing to allege failure to account.    The court correctly in-
structed the jury as to what would constitute conversion,
and how conversion might be proved.    If conversion was
established by sufficient evidence, then proof of specific de-
mand and failure to account was not necessary.

No question was raised by the motion for a new trial,
which the court overruled, that is not disposed of by the pre-
vious discussion, save the contention that the verdict is with-
out support in the evidence.    We think there is ample evi-
dence to support the verdict, and we see no occasion to in-
terfere with the conclusion reached by the jury.

The judgment of the trial court is therefore *affirmed.*