STATE OF IOWA, Appellee, v. ROBERT DE BONT, Appellant.

No. 43823.

JUNE 15, 1937.

Charles E. Hughes, for appellant.

John H. Mitchell, Attorney General, Henry J. Roelofs, Spec. Asst. Attorney General, Victor D. Vifquain, County attorney, and Clarence Nichols, Special Prosecutor, for appellee.

MITCHELL, J.—On the 13th day of March, 1936, the grand jury in Benton County, Iowa, returned an indictment against Robert De Bont, accusing him of operating a motor vehicle while intoxicated, and further set forth that he had been convicted of the same crime on two previous occasions. Defendant entered a plea of not guilty and trial was had. It was conceded that there was sufficient evidence to take the case to the jury, which returned a verdict of guilty.

The appellant raises several questions on this appeal. However, it is necessary that we consider but one, and that is all we do consider.

During the trial of the case certain exhibits were introduced. Exhibit A was an indictment returned by the grand jury of Benton County, Iowa, for the year 1928, to which indictment were attached the minutes of the testimony of thirteen witnesses who appeared and testified before said grand jury. State's Exhibit B was a bench warrant issued by the court on the indictment (known as Exhibit A), which was returned in the year 1928. State's Exhibit C was a mittimus issued by the court in the year 1928, which commanded the sheriff then in office to place the defendant in confinement. Exhibit E was a county attorney's information, returned in the year 1932, attached to which were certain minutes of testimony.

Proper objection was made at the time these various exhibits were offered. They were offered for the ostensible purpose of proving one of the prior convictions. To these exhibits were attached the minutes of witnesses who appeared before the grand jury that returned the indictment. These minutes are simply ex parte statements of certain witnesses, and hearsay as against the appellant. They are not evidence for any purpose except when introduced to impeach the testimony of some witness who testified before the grand jury and later in a trial gives contrary evidence. In the case at bar these minutes were attached to the indictment by some staple or other device, and were offered with the indictment and admitted into evidence, shown to the jury, and, as far as the record shows, taken by the jury into the jury room during the deliberations which followed the submission of the case. This evidence should not have been admitted. It was highly prejudicial to the appellant. It was as though there were twelve witnesses appearing before the jury without being sworn and without the appellant having a right to cross-examine said witnesses.

In the case of State v. Huckins, 212 Iowa 283, at pages 287, 288, 234 N. W. 554, 557, this court said:

"It is argued in behalf of the State that the minute of testimony was a part of an entire document which consisted not only of the minute but also of the indictment. By statute (Code, 1927, Section 11272), 'when part of an act, declaration, conversation, or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other; thus, when a letter is read, all other letters on the same subject between the same parties may be given.' But this indictment was not a part of the minute of the testimony offered by defendant nor a part of such testimony. The indictment was merely an accusation drawn by the grand jury therefrom and from other evidence formulated into an accusation. The use of the indictment as evidence of defendant's guilt was manifestly contrary to elementary principles governing the administration of justice."

Clearly, it was error to admit these exhibits. They are the statements of some twelve or thirteen witnesses who appeared in 1928 and told their ex parte story to a grand jury then in session. They painted a picture of the appellant as a dangerous

criminal. They were the opinions and conclusions of these witnesses. In addition to that, there was a certificate on the indictment that the appellant had been ordered arrested and his bail had been fixed. All these things had nothing to do with prior convictions, but they did help to inflame the minds of the jurors and prevent a fair trial. The sole purpose of the offer of these exhibits was to prove a prior conviction.

In 16 Corpus Juris, section 3162, page 1344, it is said:

"When the state relies upon a prior conviction of defendant to impose a more severe punishment, the judgment of the prior proceedings is the best evidence of such conviction. Thus the proper way to prove defendant's prior conviction is by the record of the judgment, and not by the commitment; and in some decisions it is held that the only competent evidence to prove an averment of a prior conviction, is the record, or a duly certified copy thereof, sustained by proof of the identity of the person on trial with the one described in the former conviction. * * *"

In the case at bar the prior conviction had been obtained in the very court in which the appellant was again being tried. The record of the prior conviction was in the records of that court and later was produced and put into evidence. All that was necessary was the record of the former conviction and the testimony of some individual to identify the appellant as the person who was convicted at the former trial.

Admission of the exhibits complained of was error, and it necessarily follows that judgment and decree of the lower court must be, and it is hereby, reversed.—Reversed.

RICHARDS, C. J., and ANDERSON, KINTZINGER, DONEGAN, PARSONS, HAMILTON, and SAGER, JJ., concur.

STIGER, J., takes no part.