**STATE of Iowa, Appellee,**

v.

**Thomas P. FROMMELT, Appellant.**

**No. 52834.**

Supreme Court of Iowa.

June 11, 1968.

Joseph J. Bitter, Dubuque, for appellant.

Richard C. Turner, Atty. Gen., James C. Sell, Asst. Atty. Gen., and Michael M. McCauley, County Atty., Dubuque, for appellee.

LeGRAND, Justice.

This is an appeal from judgment following a jury verdict convicting defendant of assault with intent to inflict great bodily injury in violation of section 694.6, 1966, Code of Iowa. The charge arose out of an altercation between two young men working on the Flood Control project in Dubuque County, Iowa, during the Spring of 1967.

Prior to the incident the defendant and his victim did not know each other. While the flood control work was in progress, a car parked near the work site had been tampered with and air had been released from several of its tires. Although defendant did not own this car, he involved himself in a dispute over it. Defendant accused Stephen Althaus of having a part in this bit of mischief, which accusation was entirely unfounded. After an exchange of words, defendant assaulted Althaus with his fists and feet. He inflicted injuries which required surgery to Althaus' left eye and which caused a fracture and displacement of the orbital bones. There were also other less serious injuries, including a lacerated lip and bruises. At the time of trial Althaus' vision was still impaired. There is evidence from which the jury could find defendant not only struck Althaus with his fist but also kicked him or stepped heavily upon him as he lay on the ground.

Defendant raises three main issues on this appeal:

(1) Failure of the trial court to give defendant's proposed Instruction 3 defining great bodily injury, and subsequent error in the trial court's own Instruction 7 concerning this matter; (2) Failure of the trial court to give an instruction on provocation, and (3) Error of the trial court in ruling on various matters dealing with impeachment testimony.

I. We find no merit in defendant's complaint concerning the trial court's Instruction 7 on great bodily injury. The instruction given was as follows:

"Whoever wilfully and unlawfully assaults another person with intent to inflict upon such person some bodily injury of a more grave and serious character than would ordinarily result from an assault and battery is guilty of assault with intent to inflict a great bodily injury. In other words, by great bodily injury is meant an injury to the person greater than that which ordinarily results from a simple altercation between two persons."

The only objection raised by defendant is the failure to include in the instruction the words "with the fists or the like." Otherwise the instruction was given exactly as requested by defendant.

The language requested by defendant was taken from an approved instruction in State v. Moon, 241 Iowa 1232, 1235, 44 N. W.2d 739, 740. However, it does not follow this is the only definition permissible in explaining great bodily injury to the jury. We have held several times the charge of assault with intent to inflict great bodily injury is impossible of precise definition.

In State v. Crandall, 227 Iowa 311, 315, 288 N.W. 85, 88, we said, "The defendant was charged with the crime of assault with intent to inflict great bodily injury. This is a crime which is not susceptible of exact definition. It is also difficult to define with exactness or definite limitations just what a great bodily injury is. We have said at different times that it is an injury to the person of a more grave and serious character than an ordinary battery, but that it cannot be definitely defined. * * *" We approved this statement in State v. Moon, supra, upon which defendant relies in claiming error here.

We believe Instruction 7 as given complies substantially with what we said in both Crandall and Moon. The trial court was careful, not only in Instruction 7 but also in Instruction 11, to avoid conflict with those decisions.

We believe Instruction 7 as given was proper.

II. Defendant next asserts he was entitled to an instruction on provocation in order to excuse his acts, or at least to relieve them from the onus of having been committed with intent to inflict great bodily injury. Defendant claims he was provoked by certain remarks made by young Althaus; by the release of air from the car tires; and by Althaus' act in reaching out and grabbing him.

None of these claims is sustained by the record. The evidence is undisputed, first, that Althaus had no part in releasing the air from the tires and it shows also that whatever act Althaus did in connection with placing his hands upon defendant was done after the assault was already in progress and could under no circumstances have provoked it. As to the use of provocative words, we merely say the record discloses no abusive, insulting or threatening language.

We need not rely on the record, however, as a basis for refusing defendant's requested instruction. We can dispose of his argument, as did the trial court, by pointing out we have never recognized provocation as a justification for assault. 6 Am. Jur.2d, Assault and Battery, section 61, page 56; 6 C.J.S. Assault and Battery § 91, page 942; State v. Miller, 231 Iowa 863, 2 N.W.2d 290; State v. Davis, 209 Iowa 524, 228 N.W. 37. In 6 C.J.S. Assault and Battery § 91, at page 942 appears this statement of the rule, "In view of the fact that peace and good order forbids that individuals shall right their own wrongs, in the absence of a statute to the contrary, mere provocation cannot constitute a defense to assault or assault and battery, or aggravated assault * * *"

We hold the trial court was right in refusing to give defendant's requested instruction on provocation.

III. Defendant relies strongly on alleged error in the trial court's rulings on certain evidence offered for impeachment purposes. This relates principally to the testimony of Patrick M. McCarthy, a witness for the State, who had previously testified before the grand jury. Defendant claims a variance between McCarthy's testimony before the grand jury and his testimony at the trial concerning what defendant did after knocking Althaus to the ground. Before the grand jury McCarthy testified defendant kicked Althaus in the face. At the trial he stated he "stepped down on Althaus' face hard."

Defendant asserts he was prevented from showing this contradiction and that this ruling was prejudicial.

It is generally held a witness may be impeached by showing his testimony upon a material matter is inconsistent with a prior statement made by him. Wigmore on Evidence, Third Ed., section 1017–1022, pages 684–700; McCormick on Evidence, section 36, pages 66–67; State v. Tharp, 258 Iowa 224, 235, 138 N.W.2d 78; French v. Universal C. I. T. Credit Corporation, 254 Iowa 1044, 1048, 120 N.W.2d 476, 480; State v. Sheridan, 121 Iowa 164, 169, 96 N.W. 730, 732. The impeaching testimony is not admissible to prove its truth, but solely to demonstrate the witness is not reliable because what he says now is contrary to what he said at some previous time. State v. Powell, 237 Iowa 1227, 1246, 24 N.W.2d 769, Law v. Hemmingsen, 249 Iowa 820, 835, 89 N.W.2d 386, 397 and citations. Since both statements cannot be true, the jury is entitled to weigh one against the other to decide if such a fickle witness is worthy of belief. This rule extends to oral statements made out of court, to written statements in whatever form, to testimony at a prior trial and to testimony at a preliminary hearing or before a grand jury.

 No matter what form the proposed impeachment takes, there must first be a foundation laid which adequately calls the attention of the witness to the time, place and circumstances of the prior inconsistent statement and which affords him an opportunity to admit, deny or explain it. This requirement is said to be necessary to avoid unfair surprise; to save trial time in the event the contradictory statement is admitted; and to give the witness a fair opportunity to explain any seeming inconsistency between the two statements. Wigmore on Evidence, Third Ed., sections 1025–1029, pages 702, 709; McCormick on Evidence, section 37, page 67; Underhill, Criminal Evidence, Fifth Ed., section 235, page 565; 98 C.J.S. Witnesses § 604, page 598.

As early as State v. Ostrander, 18 Iowa 435, 436, we said at page 455, "It would be unjust towards a witness to hold that these minutes could be used to contradict him, without giving the witness an opportunity to deny their correctness before the trial jury, or to state to them what he did testify to before the grand jury.

"Where it is claimed by the defendant that there is a conflict between the testimony of the same witness before the grand jury and before the traverse jury, his attention must be drawn to his former testimony, and the foundation for his impeachment laid in the usual and regular manner."

It should be noted the Ostrander case was decided before the enactment of what is now section 771.12, Code of Iowa, which provides that minutes of testimony shall be submitted to a witness and signed by him. State v. Hayden, 45 Iowa 11 also was decided prior to the enactment of that section, and we held there unsigned minutes of grand jury testimony, being only summarized statements of what the witness purportedly said and not being binding upon him, could not be used to contradict him. Later, after the enactment of section 771.12, we held minutes of testimony, if signed, could be used for impeachment just as any other written statement of the witness. State v. Phillips, 118 Iowa 660, 92 N.W. 876, State v. Hoffman, 134 Iowa 587, 112 N.W. 103, Wildeboer v. Petersen, 187 Iowa 1169, 175 N.W. 349.

 The propriety of using grand jury minutes for impeachment purposes and the manner in which this may be done therefore depend to a great extent upon whether such minutes have been signed by the witness as provided in section 771.12 or whether they are merely conclusions as to what the witness said prepared by some third party with no guarantee of strict accuracy. In this regard we point out section 771.12 is not mandatory but directory only. State v. Ottley, 147 Iowa 329, 126 N.W. 334.

 We have always held testimony before a grand jury, if contradictory of what the witness later testifies to on a material matter, may be used to impeach the witness. The manner in which this impeachment may be accomplished, however, depends upon the form in which the minutes are offered. Where, as here, defendant attempts to use unsigned minutes to impeach a witness' trial testimony, a proper foundation must first be laid. This foundation must call the witness' attention to the time, place and circumstances under which the alleged contradictory statement was made, and he must be given an opportunity to admit, deny, or explain it. This is the basis for the distinction in our previous decisions, some permitting impeachment by use of grand jury minutes and others denying it. State v. Hayden, 45 Iowa 11; State v. McPherson, 114 Iowa 492, 87 N.W. 421; State v. Phillips, 118 Iowa 660, 92 N.W. 876; State v. Woodard, 132 Iowa 675, 108 N.W. 753; State v. Cater, 100 Iowa 501, 69 N.W. 880; State v. Hoffman, 134 Iowa 587, 590, 112 N.W. 103, 104; Hunt v. Waterloo, C. F. & N. Railway Company, 160 Iowa 722, 727, 141 N.W. 334; State v. De Bont, 223 Iowa 721, 273 N.W. 873; State v. Tharp, 258

Iowa 224, 235, 138 N.W.2d 78; State v. Wright, 192 Iowa 239, 182 N.W. 385; Wildeboer v. Petersen, 187 Iowa 1169, 175 N. W. 349.

It is apparent from the trial court's rulings to which objection is here made that the exclusion of impeaching evidence was based on defendant's failure to lay a proper foundation. We agree that such foundation was neither laid nor attempted.

■ It is, of course, possible to impeach by showing conflicting grand jury testimony without resorting to the minutes at all. As pointed out in State v. Hayden, supra, and State v. McPherson, supra, this may be done by showing through one of the grand jurors, through the grand jury clerk, or through any other official who was present what the witness actually testified to there. See also State v. Hector, 158 Iowa 664, 138 N.W. 930, where the county attorney was permitted to relate what the witness said before the grand jury to lay the foundation for his impeachment. No such impeachment was attempted here.

■ We agree with the trial court there was no proper foundation laid for the use of the grand jury minutes to impeach the witness McCarthy.

Defendant also alleges error in the rulings of the trial court concerning cross-examination of McCarthy as to statements which he made orally prior to the time of trial. Although there was some dispute between defendant's counsel and the county attorney over the propriety of such cross-examination, we find defendant was not restricted except in those instances when the court ruled certain questions to be repetitious.

■ The trial court has considerable discretion in the conduct of the trial, including the scope and extent of cross-examination. We find no abuse of such discretion here. State v. Myers, 257 Iowa 857, 135 N.W.2d 73; State v. Fiedler, Iowa, 152 N.W.2d 236, 237, 239 and citations.

■ Defendant further insists he was entitled to a copy of the grand jury testimony of one Otterbeck, who was called by defendant as a witness. Such request was not made until the witness was called and the State indicated it anticipated some variance between the witness' grand jury testimony and the testimony he would give at the trial. Defendant cites no authority which would entitle him to a copy of this testimony, although apparently he relies upon section 771.24, Code of Iowa. The court refused defendant's request for a copy of such testimony.

Section 771.24 permits, but does not require, the court to make such evidence available if "necessary in the administration of justice." We find no abuse of the court's discretion here, particularly since the testimony was substantially the same as that given before the grand jury. The State attempted to impeach the witness by asking him one question touching the manner in which the assault took place. The answer disclosed no substantial contradiction and the attempt at impeachment was abandoned. If anything, this was favorable to defendant. Certainly he was not prejudiced.

We find no merit in any of the assignments of error and the judgment is accordingly affirmed.

Affirmed.

All Justices concur except BECKER, J., who takes no part.