**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Louis RAMIREZ, Defendant-Appellant.**

**No. 72-1012.**

United States Court of Appeals,
Tenth Circuit.

June 7, 1972.

W. Allen Spurgeon, Asst. U. S. Atty. (James L. Treece, U. S. Atty., on the brief), for plaintiff-appellee.

William K. Ris, Denver, Colo. (Gary P. Sandblom, Denver, Colo., on the brief), for defendant-appellant.

Before BREITENSTEIN, SETH, and McWILLIAMS, Circuit Judges.

PER CURIAM.

Defendant-appellant Ramirez was indicted, and found guilty by a jury, of assaulting a United States postman in violation of 18 U.S.C. § 111. The essential facts are that the postman, while on the Ramirez premises in Denver, Colorado, for the delivery of mail, was menaced by the Ramirez dog. The postman threw a hard object which hit the dog, and the dog ran away barking and yipping. As the postman was mounting the porch steps to reach the mail box, Ramirez struck him in the face, knocked him down, and hit him again.

The defendant did not testify in his own behalf. The assault was not denied. Error is claimed on the admission of evidence pertaining to the defendant's arrest by a policeman shortly after the assault. Resistance to arrest is admissible to show consciousness of guilt and thus guilt itself. 2 Wigmore on Evidence, 3rd Ed. § 276, p. 111 et seq. See also Marcoux v. United States, 9 Cir., 405 F.2d 719, 721.

The trial court denied the defense offer in evidence of a piece of cement or plaster which the postman allegedly threw at the dog. The ruling was correct. Without regard to the sufficiency of identification of the object, it was immaterial. The postman admitted throwing the object which hit the dog. The size and shape of the object are not important because there is no claim that the defendant had any knowledge thereof before assaulting the postman.

Error is claimed on the court's refusal to give a tendered instruction that reasonable force may be used in defense of personal property. Whatever injury the dog sustained occurred before the assault. Nothing suggests that further injury was probable. The dog had run away. All necessity for the use of force had passed. Provocation is ordinarily no justification for an assault. E. g. State v. Frommelt, Iowa, 159 N. W.2d 532, 535. In any event, neither protection of property nor provocation has any place in the case at bar. There is no evidence that defendant saw the postman throw the object which hit the dog or had any ground for a reasonable belief that the postman had done so.

Affirmed.